# Campbell *v.* Lunsford.

*Action by Workman, for Damages on account of Personal Injuries.*

1. *Error without injury in ruling on pleadings.*—In a case tried by thé court without a jury, if, on all the evidence, the plaintiff was not entitled to recover, the sustaining of a demurrer to one of the special counts in the complaint, if erroneous, could work no injury, and is no cause of reversal.

2. *Liability of employer (or owner of premises) for injuries to workman; negligence of supervising architect.*—When, in the erection of a building, it becomes necessary or proper to undermine a wall on an adjoining lot, in order to secure a better foundation, the work being done under the direction of a supervising architect, but subject to the control of the owner; the latter is liable for personal injuries to a workman, caused by the negligent performance of the work, notwithstanding the discretion given to the architect in directing the mode; but this liability only extends to a workman employed by the owner himself, or on the premises by his invitation and permission, express or implied, as by being employed by the person who had contracted to do the work.

3. *Same; contributory negligence of workman.*—The workman can not recover for such injuries, unless the dangerous character of the work was unknown to him, or, being known, he exercised ordinary care and caution to avoid injury; and where the evidence shows that he was warned of the danger by the owner, and that the accident was caused by his own negligence in stepping on the piece of timber which supported the wall, he has no right of action.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by Wm. H. Campbell against George Lunsford, to recover damages for personal injuries sustained by plaintiff from the falling of a brick wall, which was being undermined in order to secure a better foundation for a building which defendant was having erected; and was commenced on the 30th November, 1886. The original complaint contained three counts, and a fourth count was added by amendment, to which a demurrer was sustained by the court. The defendant pleaded not guilty, and contributory negligence; and issue being joined on these pleas, the cause was submitted to the decision of the court without a jury. On the evidence adduced, all of which is set out in the bill of exceptions, the court rendered judgment for the defendant, holding that the plaintiff was guilty of contributory negligence. The plaintiff excepted to this ruling

[Campbell v. Lunsford.]

and judgment, and here assigns the same as error, together with the sustaining of the demurrer to the fourth count of the complaint.

G. R. Harsh, and Weatherly & Putman, for appellant. (1.) The fourth count in the complaint was good and sufficient; and the court erred in sustaining the demurrer to it. 4 Wait's Ac. & Defenses, 692, 702; Shear. & Redf. Negligence, 599; *Horner v. Nicholson*, 56 Mo. 220; *Gray v. Gas-Light Co.*, 114 Mass. 149; Add. Torts, 163, 3d ed.; *Hyd. Works v. Orr*, 83 Penn. St. 332; *Crogan v, Schiele*, 1 Atl. Rep. 906; *Koons v. Railway Co.*, 65 Mo. 592; *Kron v. Brock*, 11 N. E. Rep. 748; *Shelby v. Railway Co.*, 3 S. W. Rep. 157; *Cunningham v. U. Pac. Railway Co.*, 7 Pac. Rep. 795; *Railway Co. v. Stout*, 17 Wall. 657; 21 Minn. 207; 75 Mo. 653; 22 Kans. 686; *Muller v. St. John*, 57 N. Y. 567. (2.) It was not necessary to negative contributory negligence.—*Railway Co. v. Hanlon*, 53 Ala. 73; *Railroad Co. v. Clark*, 74 Ala. 443; *Thompson v. Duncan*, 76 Ala. 334; *Railway Co. v. Chambers & Abercrombie*, 79 Ala., 342. (3.) On the evidence, the plaintiff was rightfully on the defendant's premises, and the latter was charged with the duty of ordinary care towards him; the defendant himself had absolute control of the work, and was liable for the negligence of his supervising architect. On these facts, the plaintiff was entitled to recover.—*Railway Co. v. Derby*, 14 How. 468; *Swords v. Edgar*, 17 Amer. Rep. 295; *Ackart v. Lansing*, 48 How. Pr. 374; *Crogan v. Schiele*, 1 Atl. Rep. 906; Story on Agency, 452; 4 Wait's Ac. & Defenses, 410, § 5; 15 Wall. 649; 2 Black, 418; 4 Allen, Mass. 138; 9 Mich. 165; 27 Mich. 188; 1 C. B. 578; 45 Ill. 455; 5 El. & Bl. 115; 64 N. Y. 138; 3 Minn. 297; 5 Ohio St. 38.

W. C. Ward, *contra.*—(1.) The fourth count does not show that defendant owed plaintiff any duty—does not negative the fact that plaintiff was a mere visitor, an idler, a trespasser.—*Railway Co. v. Thompson*, 77 Ala. 457; Thompson on Negligence, 303; Deering on Negligence, § 318. (2.) Carr had the contract for the excavation and brick work, and defendant is not liable for his negligence.—*Myer v. Hobbs*, 57 Ala. 175; 51 Amer. Dec. 192, *notes* on p. 200. Breckinridge did the carpenter's work by contract, and the extra work of supporting the wall, furnishing his own materials; and defendant is not liable for his negligence.—Smith on

33

Negligence, 171, note *h*; *Hexamer v. Webb*, Cent. Law J., Sept. 10th, 1886, p. 249. The work was done under the direction of a competent architect, and this relieved the defendant of all liability.—Whart. Negligence, 181; *Myer v. Hobbs*, 57 Ala. 175. (3.) The plaintiff's own negligence was a complete defense to the action.—*Eureka Co. v. Bass*, 81 Ala. 200; 11 East, 60; 23 Penn. St. 147, or 62 Amer. Dec. 323; Beach on Contr. Negligence, 8, 9, 14, 10.

CLOPTON, J.—The issues of fact were tried by the court without the intervention of a jury, as provided by the act establishing the City Court of Birmingham. The conclusions and judgment of the court on the evidence being presented for review, we are required to review them without any presumption in favor of the ruling of the court. If, on the entire evidence, the plaintiff can not recover under either count of the amended complaint, the ruling on the demurrer to the fourth count, if erroneous, is error without injury.

The action is brought by appellant to recover for personal injuries produced by the falling of a brick wall. For the purpose of obtaining a broader and firmer foundation for a building, which the defendant was having erected on his own premises by contracts, it was deemed necessary to undermine a rear wall on the adjacent lot. In order to support the wall during the process of undermining, pieces of timber, denominated *needles*, were extended through it, intended to rest upon firm earth on both sides. They were tightly keyed, and supported by posts. The negligence as alleged, and as the proof tends to show, consists in the failure to extend them through sufficiently to enable them to rest on solid ground on the inside of the wall. The necessity for this work was not discovered until after the original contracts were made, and was not included therein. It was extra work, and the mode of supporting the walls, while being undermined, was directed by the architect, who was employed to superintend the erection of the building. The architect was not an independent contractor, beyond the control of the defendant as to the manner of doing the work. It is shown that he had the ultimate power, as owner, to order how it should be done. Having reserved and possessing this power, the defendant is liable, notwithstanding the mode was left to the judgment and direction of the architect, for injuries caused by the negligent performance of the work, the other

[Campbell v. Lunsford.]

essentials to create a liability to the particular person injured being established.

The defendant is not responsible to the plaintiff, unless there was the neglect of duty owed to him—unless, as between him and the defendant, there was a want of due care. The lot is the private property of the defendant, and the building was in process of construction. It was not a business house, nor a place where the public are expected or impliedly invited or induced to come, for the transaction of business, or for other purposes. To trespassers or idlers, or persons visiting the premises merely for their individual benefit, or from curiosity, the defendant owed no duty other than that no willful or wanton injury should be done. To create a duty to the plaintiff, he must have sustained a relation to the business, or to the defendant, equivalent to an invitation or inducement to come on the lot. The duty to keep the structure free from defect likely to produce injury only extends to persons sustaining such relation.—*M. & E. Railway Co. v. Thompson*, 77 Ala. 448; *Pierce v. Whitcomb*, 21 Amer. Rep. 120; Beach Con. Neg. 17.

The duty to the plaintiff is founded, in the first count of the complaint, on the averment that he was in the service of the defendant, and employed in the work of undermining the walls; and in the other counts, that he was there by the invitation and license of defendant. It is incumbent on plaintiff to establish the facts, on which it is claimed that a duty arises. There can be no pretense, on the evidence, that the plaintiff was in the service of defendant. He was not employed nor paid by him. If at the place of the work by the implied invitation or inducement of defendant, it was by reason of being in the service of Carr, who was employed to do the undermining. On this question of fact, the testimony of the plaintiff and Carr is in direct conflict; and when considered in connection with the corroborating evidence, what is the fact remains in doubt. As the burden of proof is on the plaintiff, we should hold, if necessary to a decision, that the plaintiff has failed to satisfactorily prove this employment; but, as this is in doubt, we prefer to put our conclusion on other grounds.

Admitting that plaintiff was at the place by the implied invitation and license of the defendant, his right to recover depends upon the condition, that the dangerous character of the work was unknown to him, or, if known, that he exercised ordinary care and caution to avoid injury.—*Parker v.*

*Port. Pub. Co.*, 31 Amer. Rep. 262; *M. & E. Railway Co. v. Thompson, supra.* It appears from the evidence that the defendant objected to the mode adopted to support the wall, and on more than one occasion objected to the laborers being worked under it. He testifies that, during the afternoon of the day of the injury, he was present, and, supposing the plaintiff to be in charge, said to him, that he (defendant) would not have the men to work under the wall, it was too dangerous; to which plaintiff replied, he reckoned there was no danger. It is true, this is denied by plaintiff; but Whitehead testifies that he heard defendant say substantially the same thing when plaintiff was near, and that he also informed plaintiff that it was dangerous; to which he answered, "he guessed the men knew their business." As to the plaintiff, it may be regarded an obvious danger, though he did not know how far the needles extended, and it may have appeared safe. Two thirds of the wall had been undermined and built up, during which time the needles proved a sufficient support. When the excavation under the unfinished part was completed, the plaintiff stepped on one of the needles, for the purpose of dropping a plumb line. On his doing so, the wall immediately fell. It is clearly apparent from the facts, that this act of the plaintiff was the immediate cause of the falling of the wall. Being advised and cognizant of the danger, it was the duty of the plaintiff to use proper care, and make reasonable effort to avoid it. The evidence satisfactorily shows, that, as both sides of the wall had been built up, it would have been the easiest and safest way to give directions for the work, to have gone into the excavation, and stretched the line across the unfinished space. Though it may be that the additional weight of plaintiff would not have caused the wall to fall, if the needles had extended far enough, they had been a sufficient support until the time of the injury, and probably would have so continued, if plaintiff had not stepped on one of them. Having notice of the dangerous character of the work, and having increased the danger by stepping on the needle, when there was an easier and safer way, the plaintiff can not be regarded as having used proper care and caution to avoid the danger. His negligence proximately contributed to his injury.

Affirmed.