154        SUPREME COURT        [Dec. Term,

[Ala. Sipsey River Navigation Co. v. Geo. Pacific Railway Co.]

# Ala. Sipsey River Navigation Co. *v.* Geo. Pacific Railway Co.

### *Action for Damages on account of Bridge obstructing Navigation of River.*

1. *Alabama Sipsey River Navigation Company; power to remove obstructions, and exclusvie right to navigate river.*—-Under the charter of the Alabama Sipsey River Navigation Company (Sess. Acts 1875-6, pp. 318-22), "the exclusive right and privilege to navigate said stream, from its mouth to the county line of Marion," is granted to said corporation for thirty years, but only "from and after the completion of said work" —that is, when the navigation of the river is opened up as far as the county line of Marion; and power is given to it to remove obstructions, but not until they are reached in the progress of its work.

2. *When action lies for obstruction to navigable river.*—The obstruction of a navigable river is a public nuisance; but an individual can not maintain an action on account of it, unless he shows some special injury to himself, independent of the general injury to the public.

3. *Sipsey River as navigable stream.*—The Sipsey river being above tide-water, and having been included as land in the public surveys, it is *prima facie* not navigable; and the *onus* of proving that it is navigable in fact is on the party who asserts it.

4. *Error without injury.*—When the plaintiff below recovered nominal damages only, but adduced no evidence which could serve as a basis for the computation or assessment of his damages, rulings adverse to him, even if erroneous, are no ground of reversal, and the court will not consider their correctness.

APPEAL from the Circuit Court of Fayette.

Tried before the Hon. SAM. H. SPROTT.

This action was brought by the Alabama Sipsey River Navigation Company, a corporation chartered by a special act of the General Assembly, approved March 2, 1876, against the Georgia Pacific Railway Company, to recover damages on account of an alleged obstruction of said river by the defendant; and was commenced on the 13th February, 1888. The obstruction of the river was caused by a railroad bridge, which the defendant had built across the river in 1883, in Fayette county, about twenty miles from the boundary line between Fayette and Marion counties. The original complaint contained but a single count, to which a demurrer was interposed, but overruled; and a second count was afterwards added by amendment. The cause was tried, as the judgment-entry shows, on issue joined "on the pleas of *nul tiel* corporation, the statute of limitations of one year, and not guilty."

[Ala. Sipsey River Navigation Co. v. Geo. Pacific Railway Co.]

The jury returned a verdict for the plaintiff, for one cent damages; and the court thereupon rendered judgment for the costs against the plaintiff. Each party reserved a bill of exceptions during the trial, and each assigns as error, on cross appeals, the several rulings to which exceptions were thus reserved. The decision of this court renders it unnecessary to state these rulings.

MARTIN & McEACHIN, and McGUIRE & COLLIER, for the appellant.

NESMITH & SANFORD, and JAS. WEATHERLY, contra.

STONE, C. J.—The appellant in this action, plaintiff below, was incorporated by special act of the legislature, approved March 2, 1876.—Sess. Acts, 318. Its object was to have the navigation of Sipsey river improved. To accomplish this purpose, it created certain persons corporators, and prescribed rules for organizing the corporation. The powers of the corporation necessary to be considered in this action are sections 11 and 12.

SEC. 11. "That said company shall have fifteen years in which to complete their work upon said river, in opening up the same to navigation, and shall have the exclusive right and privilege to navigate said stream from its mouth to the county line of Marion county, for thirty years, from and after completion of said work; Provided, that said company may authorize other persons or companies to navigate said stream upon payment to the company of a resonable toll therefor."

SEC. 12. "That any obstruction hereafter created or placed upon said stream, by the erection of bridges, mills, dams, or otherwise, shall, whenever the company have, in the pro-gress of its work, reached the point of any such obstructions, be liable to be removed by said company."

Our construction of these sections is, that whenever the incorporated company, "in the progress of its work," shall reach the point of any obstruction to the navigation of said river, it may remove it; but till it reaches it, the charter confers no power to remove the obstruction.—Olive v. The State, 86 Ala. 88; s. c., 5 So. Rep. 653. A second proposition follows, namely, that till the work of improvement is completed, and the river opened up to navigation to the line of Marion county, the corporation, by virtue of its charter, can claim no "exclusive right and privilege to navigate said

stream." That exclusive privilege was conferred only on the completion of the work, which was required to be done in fifteen years. The result of these clear principles is, that neither the pleadings nor the testimony in this case shows that defendant has violated any charter-right or privilege of the plaintiff.

It is manifest that this action was brought for no alleged violation of the charter-rights of the Alabama Sipsey River Navigation Company. We have shown that it has presented no right of recovery on that ground. It has failed to aver or prove that the entire work has been completed, and it has equally failed to aver or prove that in the progress of its work the company has reached the point of the alleged obstruction. So, if the case presented no other question, we would hold that the general charge ought to have been given in favor of the defendant, and we would consider no other ruling.—3 Brick. Dig. 109, §§ 41 to 44.

The amended complaint presents another claim of damages, which is entirely independent of its chartered rights. It avers that "the Sipsey River is a navigable river; . . . that for many years, to-wit, for forty years before the commencement of this action, the said river has been used by the public for the floatage of saw-logs, and for transporting cotton, coal, staves, and other products of the fields, forests and mines, from points extending to the line of Marion county, Alabama, to points below on the river, as far down as the city of Mobile; that the said river has been used for said purpose for many years before this action was brought, and said river has been capable of said use for the most part of the winter and spring months, to-wit, six months in the year; that there are fertile fields all along said river to the Marion county line, and large forests of valuable pine and other timber, and coal and iron lands of large extent; and said lands, timber and minerals, to a very great extent, have no other means of convenient transportation; that the said bridge, which is now standing over said river, completely prevents all of said navigation and floatage above; and plaintiff avers that nearly all of said timber and minerals are above said bridge."

We are satisfied these averments were not intended as a substantive, independent ground of complaint. Their purpose was to set forth damages plaintiff had suffered from having its alleged right of exclusive navigation obstructed and cut off, as to all that section above the bridge. We have

shown the navigation company had and have no such exclusive right, and it follows that the part of the complaint we have copied above must stand or fall alone. Considered by itself, it is fatally defective. It avers enough to show the bridge was a public nuisance, if the Sipsey was a navigable river; but that is not enough to enable an individual to maintain an action. It must show a special injury to itself, independent of the general injury to the public, before a suit for individual damages can be maintained.—Cooley on Torts, 614–5, and note; *Mayor v. Rogers*, 10 Ala. 37; *Crommelin v. Coxe*, 30 Ala. 318. The plaintiff does not set forth any special interest it has in the navigation of the Sipsey river above the bridge, and hence neither of the counts contains a good cause of action. But there was no demurrer to the amended count.

We know that the Sipsey river is not subject to the ebb and flow of the tides, and that it was included in the Government surveys as land, and not thrown into fractions by running meandering lines on the borders of the stream. It was and is, then, *prima facie* non-navigable, and the burden of proving it navigable was on the plaintiff, who asserted it. This is a question for the jury, and the rules for determining when such stream is, and when it is not navigable, have been so often declared by this court that they need not be repeated.—*Ellis v. Carey*, 30 Ala. 578; *Rhodes v. Otis*, 33 Ala. 596; *Peters v. N. O., M. & C. R. R. Co.*, 56 Ala. 528; *Walker v. Allen*, 72 Ala. 456; *Lewis v. Coffee County*, 77 Ala. 190; *Sullivan v. Spotswood*, 82 Ala. 163.

There is no proof in the record tending to show that the bridge caused the plaintiff any special damage, nor is there proof that plaintiff had any interest or enterprise above the bridge to be the subject of special damage. So, while under the issue, the plaintiff may have been entitled to recover (3 Brick. Dig. 711, §§ 6, 7), it furnished the jury no data for fixing the amount of the damages. It did recover nominal damages, and, under the proof, it is entitled to no more. No matter what the rulings were, they could amount to nothing more than error without injury.—3 Brick. Dig. 405, § 20. We will not further consider charges asked by plaintiff.

Some of the charges asked by defendant may assert correct propositions of law, if they were properly presented in the pleadings. They are not so presented. The others, construed in reference to the issues, are misleading, and were properly refused on that account.

[Sheffield Land, Iron & Coal Co. v. McNeill.]

The first count of the complaint is defective, but the demurrers did not reach or point out the defects.

There is no error in the record, of which either appellant can complain.

Affirmed.