[Seymour & Co. v. Farquhar.]

# Seymour & Co. v. Farquhar.

*Statutory Detinue for Steam Engine and Mill Machinery.*

1. *Printed stipulation indorsed on note; parol evidence contradicting.* A printed stipulation on the back of a promissory note given for the price of personal property sold, to the effect that the seller retains the title to the property until the note is paid, is a part of the instrument itself as if contained in the body thereof; and it can not be contradicted or varied by parol evidence.

2. *Error without injury in special rulings.*—When, on the undisputed facts, the plaintiff was entitled to the general affirmative charge, any errors committed by the court in special rulings are not ground of reversal at the instance of the defendant, since they could not have injured him.

APPEAL from the Circuit Court of Fayette.

Tried before the Hon. S. H. SPROTT.

This action was brought by A. B. Farquhar against W. A. Seymour & Co. as a partnership, and the individual partners composing the firm, to recover a steam engine and certain mill machinery, which the plaintiff had sold to them, and for which they had never paid. The opinion of this court renders unnecessary a statement of the particular facts and rulings.

MARTIN & McEACHIN, NESMITH & SANFORD, for appellant.

McGUIRE & COLLIER, LOMAX & TYSON, *contra.*

McCLELLAN, J.—The evidence is free from conflict, that the appellants—defendants below—bought the property sued for from the plaintiff, and in addition to $100, which was to be, but has never been, paid in cash, at the time executed to the plaintiff several notes for the balance of the purchase-money, maturing respectively at three, six, nine and twelve months. On the back of each of these notes, at the time of signature, was the following matter in print: "It is hereby expressly agreed and understood by and between the holder and maker of this note, that the title and ownership of the machinery, for which this note is given, shall be and remain in the said A. B. Farquhar, or his order, until this note, or any renewals thereof, shall be paid." It seems to be the settled law, that this matter, thus appearing on the backs of the notes, is a part of them to all intents and purposes as if it had been

[Eastis v. Montgomery.]

set forth in the body of the instruments; and we so hold. 1 Daniel Neg. Instr., §§ 144–153; Tied. Com. Paper, §§ 41, 41a; 1 Rand. Com. Paper, §§ 190–196; *Polo Manufacturing Co. v. Parr*, 30 Amer. Rep. 830; *Wheelock v. Freeman*, 13 Pick. 165, 169; *Bank v. Ewing*, 78 Ky. 264.

This stipulation being a part of the written contract of the parties, its effect or operation could not be controlled or varied by parol evidence. The testimony of one of the defendants, that they had not agreed to the retention of title by the plaintiff, can avail nothing against the writing. Notwithstanding this, in legal contemplation, the writing remains the sole expositor of the terms of the contract, it not being pretended that the original contract between these parties had been modified in any particular, by mutual consent, after its execution. The evidence is also without conflict, that the purchase-money agreed to be paid for the property had not been paid in whole, nor in any part.

On these facts, about none of which was there in a legal sense any dispute, the plaintiff was entitled to the general affirmative charge; and it is wholly immaterial whether the record exhibits any errors committed by the trial court or not, since, if any were committed, they involved no injury to the defendants.—*Tuskaloosa Cotton Seed Oil Co. v. Perry*, 85 Ala. 158, 168; *Campbell v. Lunsford*, 83 Ala. 512; *Pritchett v. Pollock & Co.*, 82 Ala. 169; *Sipsey River Nav. Co. v. Ga. Pac. Railway Co.*, 87 Ala. 154; *Calhoun v. Hannon & Michael*, 87 Ala. 277; *Stephens v. Regenstein & Co.*, 89 Ala. 561.

The judgment of the Circuit Court is affirmed.