# The Bienville Water Supply Co. *v.* City of Mobile.

## *Action of Assumpsit.*

1. *Pleading ana practice; when replication properly stricken.* Where several replications which are filed by the plaintiff to pleas interposed by the defendant contain simply a recital of evidential facts, which neither confess nor avoid the allegations of pleas which they profess to answer, and only tender the same issue as would be tendered upon joining issue upon the pleas, there is no error in the court granting a motion to strike each of such several replications.

2. *Same; what necessary to prove special replication.*—In an action of assumpsit, to recover the amount due under a contract, where the defendant pleads specially the non-performance on the part of the plaintiff of said contract, and the plaintiff by special replication avers several distinct and independent evidential facts to avoid the allegations of such special plea, which facts are connected by the conjunction "and," and upon this replication issue is joined, such replication constitutes in its entirety the answer to the plea; and in order for the plaintiff to recover, it is necessary for him to prove all of the evidential facts averred in the replication, as the cause for its failure to comply with the provisions of the contract.

3. *Trial and its incidents; appeals; when judgment not reversed, although error in trial court's ruling.*—When on the undisputed facts in a case, the plaintiff or the defendant is entitled to the general affirmative charge, any errors committed by the court in special rulings, do not constitute a ground for reversal of the judgment appealed from, at the instance of the party appealing; such errors being, under the circumstances, without injury to the other party.

[The Bienville Water Supply Co. v. City of Mobile.]

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This action was brought by the appellant, The Bienville Water Supply Company, against the appellee, the City of Mobile. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

BESTOR & GRAY, for appellant.—The court erred in charging the jury that the $1,000 forfeit in the contract was liquidated damages. The damages are a penalty and not liqu'dated.—*Taylor v. Marcella*, 1 Wood 302; *Hugginson v. Wild*, 14 Gray 165; *Tayloe v. Sandiford*, 7 Wheaton 13; *Hooper v. Sav. & West. R. R. Co.*, 69 Ala. 535.

B. B. BOONE, *contra.*—The court properly instructed the jury under the terms of the contract the damages the City of Mobile was entitled to were liquidated.—*Keeble v. Keeble*, 85 Ala. 552.

But whether under the terms of the contract the retention of the thousand dollars be considered as a penalty or as liquidated damages is immaterial, in view of the fact that the defendant took issue on the sixth special plea of the defendant, which set up and insisted upon the forfeiture, and if the evidence tended to prove it, it was the duty of the court to charge the jury upon the issues thus presented for their determination.—*Gerald v. Tunstall*, 109 Ala. 567; *Brown v. L. & N. R. R. Co.*, 111 Ala. 291; *McKennon v. Lessly*, 89 Ala. 625.

TYSON, J.—The complaint contains three counts. In the first, the one thousand dollars sought to be recovered, it is alleged, is a balance due by the defendant for water supplied by the plaintiff for the months of February and March, 1894, under a contract existing between the plaintiff and defendant. It is alleged that under the con-

tract, the plaintiff was entitled to be paid $1,125 per month for each and every month, it furnished water to the defendant, through its mains, plugs and fire hydrants for the extinguishment of fires and for other purposes provided by the contract. It is further alleged that the plaintiff furnished the water used and to be used by the defendant as provided by the contract during the months of February and March, whereby the plaintiff became entitled under the contract to the sum of $2,250, but it has only been paid $1,250 for the said two months, leaving the balance of $1,000 with interest thereon due to it from the 10th day of May, 1894. The count also alleged that the plaintiff has complied with all its obligations under the contract, but that the defendant has violated its agreement by refusing to pay the sums claimed.

The second count claims one thousand dollars and interest thereon due under its contract with the defendant for the use by it of water supplied by the plaintiff through its hydrants, plugs and mains during the months of February and March, 1894. It is alleged that the defendant owed the plaintiff $1,125 for so furnishing water for the said month of February, and $1,125 for so furnishing water for the month of March, to-wit $2,250. It is further alleged that the defendant has paid to the plaintiff $1,250, leaving a balance due to the plaintiff on and under said contract of $1,000 for said two months' service of water. "Plaintiff alleges that it furnished the water according to the terms of said contract to the city, and otherwise complied with the provisions of said contract on its part, but that the city has refused and still refuses to pay it for such service and said water," etc.

The third count claims one thousand dollars due by account, and a like sum of $1,000 for merchandise, goods and chattels sold by plaintiff to defendant.

It will be well to note that neither of the counts set out the contract or its provisions so as to show what the obligations were the plaintiff had to comply with.

To the entire complaint the defendant filed six pleas. On motion of the plaintiff, pleas 2, 3 and 4 were stricken, leaving the plea of the general issue and two special

pleas, numbered 5 and 6.    Special plea 5 alleges that the plaintiff did not perform its contract to supply water in this, that it did not furnish through 300 feet of two and a half inch double leads of hose with one and one quarter inch nozzle six vertical streams of water, of sixty feet in height each, for fire service for, to-wit, an hour during a conflagration in Mobile on the night of March 16, 1894, within reach of its hydrants, in violation of the contract now declared on by the plaintiff.

Special plea 6 alleges that the plaintiff forfeited to the city of Mobile the money now sued for because it did not on March 16, 1894, furnish for fire service for, to-wit, an hour during a conflagration in Mobile, within reach of its hydrants, through 300 feet of two and a half inch double leads of hose with one and one quarter inch nozzle, six vertical streams of water of sixty feet in height each, all in violation of the contract now declared on by the plaintiff, and that such forfeiture is duly provided for in said contract, and has been and is claimed by this defendant.

To these two pleas the plaintiff filed several special replications which were stricken on motion of the defendant.    The special replications 1 and 2 to the fifth plea are simply a recital of evidential facts, which neither confess nor avoid the allegations of the plea they profess to answer.    Such facts as were pertinent to the issue tendered by the plea were competent to be introduced in evidence under the general issue taken upon the plea. *Mead v. Hughes,* 15 Ala. 141.

The special replications 1 and 2 to the sixth plea are no more than a general replication to that plea.    The special replications to the 5th and 6th pleas filed January 27, 1898, only recite the provisions of the contract under which the plaintiff was obligated to furnish the water in the manner and to the extent as averred in the pleas, with an averment that it complied with the provision of the contract.    These tendered the same issue as was tendered by the averments of the first and second counts of the complaint.    The court committed no error in granting the motions to strike each of the special replications.

The cause was tried under the issue taken upon the special pleas and a special replication to plea five. This special replication contains the provision of the contract alleged by the pleas to have been violated. It is in these words: "Said Bienville Water Supply Company further agrees to erect or cause to be erected in some suitable place to be agreed upon by the general council of said city, a gauge which shall indicate an average pressure of eighty pounds at the hydant for every twenty-four hours, failure to maintain such pressure shall abate the price proportionately for the time such failure continues after the expiration of such twenty-four hours. In addition said water company agrees and guarantees to furnish for fire service during the existence of any fire or conflagration at any time within the city within reach of the hydrants, through three hundred (300) feet of two and one half inch $(2\frac{1}{2})$ double leads of hose (with one inch nozzle), six vertical streams of eighty feet each: through same hose with one and one quarter $(1\frac{1}{4})$ inch nozzle six vertical streams sixty feet each. For failure to render this service at any time during such fires or conflagrations said Water Supply Company hereby agrees to forfeit to the said city the sum of one thousand dollars, and that thereupon this contract shall immediately cease and terminate; provided, however, that said company shall not be subject to such forfeiture or termination of this contract if by reason of any illegal, unlawful, or improper interference by parties other than said company with the pipes, mains, hydrants, or machinery of said water supply company, it shall be unable to render service. It is further agreed that should said Water Supply Company by reason of any accidents to its pipes, mains, or machinery, not the result of negligence on the part of said company, its officers, agents, or employés, become unable to render the service contracted for, then said company, upon notice to the city authorities, shall have reasonable time to be agreed upon between said company and said city, in which to make necessary repairs, in which said Water Supply Company shall abate proportionately the amount agreed to be paid under this contract." The replication

then avers that plaintiff did have the necessary pressure required by contract and that said pressure at all times during said fire was more than sufficient to furnish water at the contractual pressure, and the cause of there not being six vertical streams of water of sixty feet in height was no fault of the plaintiff, for that a heavy gale of wind was blowing during said fire—that the water from the hose was frequently blown to spray by the wind before it got 40 or 50 feet from the mouth of the nozzle of the hose; that there were eight streams of water being used at the fire at the same time; that there was a large stand pipe in the building open, through which water was flowing; that there were two or three plugs and streams running in some warehouses some distance from the fire, by order of the fire department. The averments of each of these independent evidential facts pleaded in the same replication to avoid the allegations of the plea are connected by the conjunction "and." They constitute in their entirety the answer to the plea. It was necessary, therefore, for the plaintiff to introduce evidence tending to prove all of these evidential facts in order to have the replication avail it anything as the causes for its failure to comply with the provisions of the contract. An examination of the evidence in the record discloses that not one of these facts as alleged was proven, much less, all of them in their entirety. There is some testimony tending to show that a hard wind but not a gale began to blow, accompanied by rain, some time after the fire originated and some time after the firemen had made an effort to extinguish it by means of hose attached to the fire hydrants. But there is no evidence tending in the remotest degree to show even after the wind began blowing that it had any such effect as alleged in the replication upon the streams thrown from the nozzle of the hose. Neither is there any evidence tending to prove that eight streams of water were used in the attempt to extinguish the fire at one and the same time. It is true the evidence discloses that there was a large stand pipe in the burning building, but there is no proof that any water was flowing therefrom. Likewise there is no proof

that *by order of the fire department* the plugs in the warehouses were made to flow.

There was no error in excluding the testimony of T. G. Bush and D. P. Bestor offered by the plaintiff to show that water was being used from fire plugs in certain cotton warehouses to wet the cotton stored in them. It did not tend to support any of the issues made by the pleadings in the case.

The plaintiff failing to prove its special replication to plea 5, and the defendant having proven the facts as alleged in said plea without conflict, the court could have properly given the affirmative charge if it had been requested for the defendant upon that plea.

Objection was taken to the testimony of witness Vail introduced by the defendant, showing the velocity of the wind during the time the fire was raging. With this testimony in or out of the case, the result would be the same. Its introduction did not strengthen the case in so far as affects the defendant's right to have the jury instructed affirmatively to find a verdict in its favor upon the issue made by the fifth special plea. This brings the case clearly within the rule, often announced by this court, that when, on the undisputed facts, a plaintiff or a defendant was entitled to the general affirmative charge, any errors committed by the court in special rulings are not ground of reversal at the instance of the party appealing, since they could not have injured him.— *Glass v. Meyer,* 124 Ala. 332; *Seymour v. Farquhar,* 93 Ala. 292; *Pritchett v. Pollock,* 82 Ala. 169, and authorities there cited.

Affirmed.