# Sloss Iron & Steel Co. *v.* Tilson.

*Acion of Employee against Employer to recover Damages for Personal Injuries.*

1. *Action by employee against an employer; sufficiency of complaint.*—In an action to recover damages for personal injuries, a count of the complaint which alleges that at the time of sustaining the injuries complained of, the plaintiff was in the employ of the defendant, and engaged about the business of the defendant, who was operating a coal mine, and then avers that he sustained the injuries complained of by reason of a defect in the condition of the ways, works, machinery or plant of the defendant, etc., in that "the coupling appliance or apparatus by which one or more of said tram cars were coupled to one another, or others of said cars, were weak, loose, spread or otherwise improper and unfit for the purpose for which same were being used by defendant," states a cause of action, and is not subject to demurrer.

2. *Same; same.*—In such a case, a count of the complaint which, in alleging the negligence complained of, avers "that the track upon which the said tram cars run in said mines, was old, worn, uneven, or otherwise improper or unfit for said purpose," is sufficient to state a cause of action.

3. *Same; same.*—In such an action, a count of the complaint is sufficient to state a cause of action which avers that the car or cars which ran against him, and caused the injuries complained of; did so by reason "of the negligence of a person in the service or employment of the defendant, and intrusted by

the defendant with the superintendence, while in the exercise of such superintendence," in that said superintendent (naming him) "negligently caused plaintiff to be in a place in said mine, where said cars were in danger of running upon or against him, as aforesaid, without proper and sufficient warning, or notifying plaintiff of said danger."

4. *Common law; action against owner of mine for personal injuries; sufficiency of complaint.*—In an action against an owner of a coal mine for personal injuries, a count of the complaint states a cause of action which, after averring that the defendant was operating a coal mine at the time of the injuries, and then avers that upon a certain named day "while plaintiff was in said mine by invitation of the defendant, on business of the defendant connected with the operation of said mine, though plaintiff was not in the service or employment of the defendant, defendant negligently caused or allowed one or more of said cars to break loose from, or become separated from others of said cars, and run upon or against plaintiff in said mine," causing the injuries complained of.

5. *Negligence; duty of owner to trespassers and to persons thereon by invitation.*—While an owner is under no duty to keep his premises safe as to a mere trespasser, who ordinarily assumes all danger, if persons come upon said premises by invitation, expressed or implied, the owner is under duty as to such person to maintain said premises in a reasonably safe condition for the contemplated uses thereof, and for the purpose for which the invitation was extended; and failing in this duty, he is liable for any injury that may be sustained by reason thereof.

6. *Action for negligence; employer's liability act; common law liability.*—In an action to recover damages for personal injuries, where a complaint contains counts seeking to hold the defendant liable under the employer's liability act, and also counts seeking to hold him liable as at common law, by reason of the plaintiff not being in defendant's employment, if there is evidence introduced tending to sustain each of the theories of the plaintiff, the general affirmative charges requested by the defendant as to the whole of the complaint, and as to each of the counts therein, are properly refused.

7. *Action by employee against employer for injuries resulting from defect of machinery; charge in reference thereto.*—In an action against the owner of a coal mine to recover damages for personal injuries, which are alleged to have been sustained by reason of a defect in the tram cars operated by the defendant, a charge requested by the defendant which instructs the

jury to find in its favor, unless they believe that the defendant knew of a defect in said tram car, and which ignored the exercise on the part of defendant of reasonable care to ascertain such defect, is erroneous and properly refused.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. A. A. COLEMAN.

This action was brought by the appellee, Spencer C. Tilson, against the appellant, the Sloss Iron & Steel Company, to recover damages for personal injuries. The complaint containd four counts, which were in words and figures as follows: 1. "Plaintiff claims of defendant fifteen thousand dollars, as damages, for that, heretofore, to-wit, on the 30th day of November, 1900, defendant was operating a coal mine at or near Blossburg, Jefferson county, Alabama, together with certain tram cars in said mine; that on said day, while plaintiff was in the service or employment of defendant and engaged in or about the said business of defendant in or about the operation of said mine, one or more of said cars separated from others of said cars and ran with great force or violence down an incline upon or against plaintiff in said mine, and as proximate consequence thereof, plaintiff's ankle was dislocated, one or more of the bones of his ankle or leg were broken, and plaintiff was cut, mashed, bruised, sprained, one or more of his joints stiffened, and otherwise injured in his person, and was made sore and sick; was crippled and disfigured for life, was rendered for a long time unable to work and earn money, was rendered permanently less able to work and earn money; suffered great mental and physical pain, and was put to great trouble, inconvenience and expense for medicine, medical attention, care and nursing in or about his efforts to heal and cure his said wounds and injuries.

"Plaintiff avers that said car or cars ran upon or against him as aforesaid and he suffered said injuries and damage by reason and as a proximate consequence of a defect in the condition of the ways, works, machinery, or plant used in or connected with the said business of defendant, which said defect arose from or had not been discovered or remedied owing to the negligence

of defendant, or of some person in the service or employment of defendant, and intrusted by defendant with the duty of seeing that the said ways, works, machiney or plant were in proper condition, viz: The coupling appliance or apparatus by which one or more of said cars were coupled to another, or others of said cars, were weak, loose, spread, or otherwise improper or unfit for the purpose for which same was being used by defendant."

2. "Plaintiff refers to and adopts all the words and figures of the first count from the beginning thereof to and including the word "viz;" where it first occurs in said count. Plaintiff further avers that the track upon which the said tram cars ran in said mines, was old, worn, uneven, or otherwise improper or unfit for said purpose."

3. "Plaintiff refers to and adopts all the words and figures of the first count from the beginning thereof to and including the words "heal and cure his said wounds and injuries," where they first occur together in said count. Plaintiff further avers that said car or cars ran upon or against him as aforesaid and he suffered said injuries and damage by reason and as a proximate consequence of the negligence of a person in the service or employment of defendant, and intrusted by defendant with superintendence, whilst in the exercise of such superintendence, viz.: one Ellwood negligently caused plaintiff to be in a place in said mine where said cars were in danger of running upon or against him as aforesaid, without properly and sufficiently warning or notifying plaintiff of said danger."

4. "Plaintiff claims of defendant the further sum of fifteen thousand dollars, as damages, for that heretofore, to-wit, on the 30th day of November, 1900, defendant was operating a coal mine at or near Blossburg, Jefferson county, Alabama, together with certain tram cars in said mine; that on said day, while plaintiff was in said mine by the invitation of defndant, on business with defendant connected  with the operation  of said mine, though plaintiff was not in the service or employment of defendant, defendant negligently caused or al-

lowed one or more of said cars to break loose from or become separated from others of said cars, and run upon or against plaintiff in said mine, and as a proximate consequence thereof, plaintiff suffered the injuries and damages set out in the first count of this complaint."

The defendant demurred to the 1st and 2nd counts of the complaint upon the following grounds: "1. For that the count is vague, uncertain and indefinite. 2. For it does not appear what the defendant complained of consisted in. 3. For that it does not appear that the tram cars were a part of the ways, works, machinery or plant of the defendant." To the 3rd count the defendant demurred upon the following grounds: "1. For the count fails to show any duty owed by defendant to plaintiff. 2. For that the count shows that the plaintiff assumed the risk of being in the position in which he was at the time he was injured. 3. For that the negligence complained of is not shown by the count. 4. For that it is not averred or shown that the superintendent, or person charged with the superintendence was guilty of any negligence." To the 4th count the defendant demurred upon the following grounds: "1. For that the count fails to show any relation existing between the plaintiff and defendant whereby the defendant owed any duty to the plaintiff. 2. For that the count shows that the plaintiff was a mere tresspasser. 3. For that the count shows that plaintiff voluntarily assumed the risk of being in said coal mine." These demurrers were overruled. Thereupon the defendant pleaded the general issue, and by several special pleas set up the contributory negligence of the plaintiff. The facts of the case are sufficiently stated in the opinion.

The court at the request of the defendant, gave the jury the following written charges: (11.) "The plaintiff in this case cannot recover as a person invited upon the premises of the defendant unless there was a defect or defects in one or more of the tram cars, known to the defendant, and unknown to the plaintiff." (12.) "If from the evidence you believe that the plaintiff was at the place where he was injured, only by invitation of

[Sloss Iron & Steel Co. v. Tilson.]

the defendant, I charge you that you cannot render a verdict in his favor, unless you also believe from the evidence that the defendant actually knew that there was some defective condition about the cars which ran down the slope, which would probably cause them to break loose and run down the slope."

The defendant also requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of the charges as asked: (1.) "If you believe the evidence in this case you must find a verdict in favor of the defendant." (2.) "If you believe the evidence in this case you cannot find for the plaintiff under the fourth count of the complaint." (3.) "I charge you that you cannot find from the evidence that the plaintiff was at the place where he claims to have been hurt by invitation of the defendant." (4.) "If you believe from the evidence that the plaintiff went into the slope only by invitation of the defendant, then I charge you that he assumed all the risks which were incident to letting down tram cars into the mine." (5.) "I charge you that you cannot find from the evidence in this case, if you believe it, that the plaintiff was in the service or employment of the defendant at the time he claims to have been injured." (6.) "If you believe from the evidence that the plaintiff was at the place where he was injured by invitation of the defendant, you cannot find a verdict in his favor, unless you believe from the evidence that the defendant knew of the defect in the tram car, if from the evidence you believe there was such a defect." (7.) "If you believe the evidence you cannot find for the plaintiff under the first count of the complaint." (8.) "If you believe from the evidenc that the defendant did not know that the tram cars which broke loose and ran down the slope, were in a defective condition, you must render your verdict in favor of the defendant, although from the evidence you may believe that there was a defect in one or more of the cars." (9.) "If you believe from the evidence that the plaintiff was at the place where he was injured by invitation of the defendant, and if you believe from the evidence that the defendant did not know

that the tram cars, which broke loose and ran down the slope were in a defective condition, you must render a verdict in favor of the defendant, although from the evidence you may believe that there was a defect in one or more of the tram cars." (10.) "If from the evidence you believe that the plaintiff was at the place where he was injured by invitation of the defendant, I charge you that you cannot render a verdict in his favor under the fourth count of the complaint, unless you also believe from the evidence that the defendant actually knew that there was some defective condition about the car which ran down the slope which would probably cause them to break loose and run down the slope."

There were verdict and judgment for the plaintiff, assessing his damages at $450.00. The defendant appeals and assigns as error the rulings of the court upon the pleadings, and the refusal of the court to give the several charges requested by the defendant.

WALKER, TILLMAN, CAMPBELL & WALKER for appellant.—The demurrer to the 4th count of the complaint should have been sustained. In Bennett's case 102 U. S. 580, the rule is declared, that an owner of land "who by invitation induces or leads others to come upon his premises for any lawful purpose is liable to such persons—they using due care—for injuries occasioned by the unsafe condition of the land or its approaches *if such condition was known to him and not to them and was negligently suffered to exist without* timely notice to those who were likely to act upon such invitation." To the same effect are the Alabama cases: *O'Brien v. Tatum*, 84 Ala., 186; *Campbell v. Lunsford*, 83 Ala., 514. Again, the count did not show the relation between the parties, or that defendant owed any duty to the plaintiff under the facts alleged.—*Chewning case*, 93 Ala., 24-26; *Broslin case*, 114 Ala., 398. The plaintiff was not an employee. The most that can be said is that the foreman had agreed to give him "a job." He was not in the mine by invitation, as he testifies, he was going in to look after a room, none had been designated for him, he could not go to work until a room

was designated and he was, therefore, a mere volunteer. Not being an employee and not being there "by invitation on business with defendant connected with the operation of the mine," there was no evidence to sustain either count of his complaint.—*Lunsford case*, 83 Ala., 515; *Broslin case*, 114 Ala., 402. But there was no causal connection shown between the alleged negligence and the injury. By the plaintiff's own testimony it is shown that he was injured because the car jumped the track. As was said in Williams case 106 Ala., 258: "Neither that it would be done nor of consequence that there would or could be a collision on the main track could have been within the wildest conjecture, much less contemplation of the defendant."—*Pryor case*, 90 Ala., 32; *Mutch case*, 97 Ala., 194; *Williams case*, 106 Ala., 258.

The court should have given each of the general affirmative charges requested by the defendant.—*Propst case*, 85 Ala., 206; *Broslin case*, 114 Ala., 402; *Lunsford case*, 83 Ala., 515.

BOWMAN, HARSH & BEDDOW, *contra*.—The first and second grounds of demurrer to the first count are aimed at the same alleged fault of the complaint. This court has too often held allegations of defective machinery, etc., which were less certain and definite than those in the complaint under consideration to be sufficient for the question to be now an open one. We suppose that counsel have faith in the motto "that constant dripping will wear away a stone." *A. G. S. R. R. Co. v. Davis*, 119 Ala. 572; *Mary Lee Coal & R. R. Co. v. Chambliss*, 97 Ala. 171; *L. & N. R. R. Co. v. Mothershed*, 12 Sou. Rep. 715; *Laughlin v. Brewer*, 113 Ala. 515; *Sou. Ry. Co. v. Guyton*, 122 Ala. 231; *G. P. Ry. Co. v. Davis*, 92 Ala. 307; *Hall v. Posey*, 79 Ala. 85; *Leach et als. v. Bush*, 57 Ala. 145; *L. & N. R. R. v. Marbury Lum. Co.*, 125 Ala. 237; *M. & O. R. R. v. George*, 94 Ala. 214; *L. & N. R. R. v. Hawkins*, 92 Ala. 241; *L. & N. R. R. v. Orr*, 94 Ala. 602. The demurrer to the fourth count is patently not well taken. While some authorities hold that the mere alle-

gation of invitation by defendant to plaintiff to be upon his premises, does not raise the duty to exercise care for paintiff's protection, yet these same authorities draw a distinction between mere invitation for pleasure or license and an invitation upon business conducted by defendant upon the premises. We imagine no authority can be found exempting one from the exercise of care for the protection of another whom he had invited upon his premises on business there being conducted by him.—21 Am. & Eng. Ency. (2d ed.) Sec. 4 p. 471; *Gordon v. Cummings et al.,* 9 L. R A. 641; *Tomle v. Hampton,* 129 Ill. 379; *McRickard v. Flint,* 114 N. Y. 222; 1 Thompson Neg. (2d ed.) Sec. 985, p. 904.

HARALSON, J.—The complaint consists of four counts. The first three are framed under the Employer's Liability Act.—Code, § 1749,—and the fourth under the common law. There exists no reason why such causes of action though not consistent with each other, may not be united in the same complaint, in different counts.

That the first three are sufficient as against the demurrers to them, has been too often in principle decided to require further consideration.—*A. G. S. R. R. Co. v. Davis,* 119 Ala. 572; *B. C. M. Co. v. Parker,* 134 Ala. 293, and other cases cited in brief for appellee.

The fourth count avers that plaintiff was in the mine "by the invitation of the defendant on business with defendant connected with the opration of said mine, though plaintiff was not in the service or employment of defendant," and sets out the negligence of which complaint is made, which caused the injury to plaintiff by defendant.

"All the authorities agree that it is incumbent on the owner of premises, upon which persons come by invitation, express or implied, to maintain such premises in a reasonably safe condition for the contemplated uses thereof, and the purpose for which the invitation was extended," and the question whether the plaintiff was on defendant's premises by invitation, express or implied is in general one for the jury. The burden of showing that plaintiff entered by invitation is on him.

21 Am. & Eng. Encyc. of Law (2d ed.) 471, and authorities there cited; *West v. Thomas*, 97 Ala. 622.

The owner is under no duty to keep the premises safe as to a mere trespasser who, "ordinarily assumes all risk of danger, and who, in order to recover, must show that the injury was wantonly inflicted, or that the owner, being present, might have prevented the injury by the exercise of reasonable care after discovering the danger," "A person," says Judge Cooley, who gives such an invitation, "especially when he gives it wholly or in part for his own interest,   *   *   and thereby invites others to come upon his premises, assumes to all such who accept the invitation, the duty of warning them of any danger in coming, which he knows of, or ought to know of, and of which they are not aware."—*Powers v. Harlow*, 53 Mich. 507, *Samuelson v. C. I. Min. Co.* 49 Mich. 170, and numerous citations there cited; *Bennett v. Railroad*, 102 U. S. 577.

"To trespassers or idlers, or persons visiting the premises merely for their individual benefit, or from curiosity, the defendant owes no duty other than, that no wilful or wanton injury should be done. To create a duty to the plaintiff, he must have sustained a relation to the business, or to the defendant, equivalent to an invitation or inducement to come on the lot (premises). The duty to keep the lot (or premises) free from defect likely to produce injury only extends to persons sustaining such relation."—*Campbell v. Lunsford*, 83 Ala. 515; *M. & E. R. Co. v. Thompson*, 77 Ala. 448.

As to whether the plaintiff was in the employment of defendant, he testified that, "on the 30th day of November, 1900, I was at the mines operated by the Sloss Iron & Steel Company, at Blossburg, where I had secured employment in the mine. I had secured a job from the foreman, previously. My business in the mine at that time, was to select a place that he had promised me to work, which I was doing under the instruction of the foreman. I had a conversation prior to that time with him. I was living there at the time of the injury, in Mr. Watt's house, which he rented me. I had moved my family there, in order to go to work. According to the

mine foreman's instructions, I went, (in the mine) to hunt me a place," etc. He further testified in substance, that Mr. Elwood, the foreman, to whom he was introduced, said he would give him a job, but that he did not go to work that day, because his family was not there; that he went and got his family and returned in about a week, and told the foreman, that he was ready to go to work, and he replied: "When you get ready, your place is ready. * * I will hold your place for you;" that the foreman did not designate any particular room for him to work in; that he looked for the foreman the day he was ready to go to work, and was told he was in the mine, and he went in to look for him, to have his room pointed out; that in the mine there were a number of rooms vacant, and it was the rule with the foreman to say, "you can look at them and select your room."

It was also shown by Kilpatrick, a witness for the plaintiff, who had been in the mining business twenty years, that he was acquainted with the mining boss of this mine at the time, whose name was Sam Elwood, and he was the one who employed the men to work in these mines; that when he employed miners it was customary and usual to let them go in and select their rooms.

Woodson testified, that the miners secured jobs by going to the bank boss and asking him for them, who would tell them that they could get jobs, and that they could go in the mine and hunt for a place or room, etc.

The defendant's evidence tended to show, that before plaintiff was injured, he had not been employed by defendant, and that he went in the mines voluntarily and without invitation. The evidence for plaintiff also tended to show, that the defects complained of in the machinery existed, and that defendant's superintendent knew of such defects.

The questions for review, other than such as have been considered, arise on charges asked for the defendant and refused. We consider only the charges refused, for the refusal of which, errors are insisted on.

Refused charge one, was the general charge in favor of the defendant. The 2d, was the same charge as to the 4th count, and the 7th was a like charge on the 1st

count. These charges were each properly refused. The plaintiff had a right to recover on the 1st count, if he proved the allegations, or failing, on the 4th, if he proved its averments. There was evidence by the plaintiff, tending to show, the plaintiff's right of recovery under the 1st count, and that for defendant, tended to show that plaintiff was not an employe of the company at the time he received his alleged injury and had no right of action on that count. The general charge, therefore, could not have been given against the plaintiff on the whole complaint, nor on count 1. If the jury should have found, under proper instructions, that the plaintiff was not an employe when he was injured, and, therefore, could not recover on the first count, but that he was in the mine by invitation of defendant, and its other averments were proved, it was open to them to find for him on the 4th count. But, the evidence as to the averments of this count was, also, in conflict, and the general charge as requested by defendant as to it, was properly refused.

The 6th charge instructs a finding for defendant, unless the jury believe from the evidence that the company knew of the defect in the tram cars, if such defect existed. It ignores the exercise of reasonable care to have ascertained the defect, the law being that one inviting another on his premises on his own business, owes the duty to the one so invited, of exercising reasonable care for his safety. The 8th, 9th and 10th charges are subject to the same vice as the 6th.. Moreover, it appears, that the court, too favorably to defendant, gave charges 11 and 12, requested by it, containing substantially the same instructions as requested in said charges 8, 9 and 10; and if there was any error in the refusal to give said charges, it was error without injury.

From the evidence in the case, it does not appear that the judgment of the court in overruling the motion for a new trial was plainly erroneous.

Affirmed.