# Hubbard *v.* Coffin & Leak.

## *Death of Servant.*

(Decided November 7, 1914. Rehearing denied December 17, 1914. 67 South. 697.)

1. *Master and Servant; Existence of Relation; Independent Contractor.*—Where decedent contracted with defendant to get out iron ore from a pit to be delivered at the washers at a fixed price per ton and he employed and paid his own help and furnished his own tools, wagons and vehicles, but defendants assigned him to work in the pit, and their superintendent inspected the output, but there was no reserved right to say at what point in the pit, or how, in any respect, decedent should conduct his operations, and it was expected

[Hubbard v. Coffin & Leak.]

that he should de diligent in the prosecution of the work, and the superintendent of defendant gave some attention thereto, and knew there was danger of the bank falling, and gave decedent warning thereof, such decedent was not an employee within the Employer's Liability Act (Sections 3910-3913, Code 1907), but was an independent contractor.

2. *Appeal and Error; Harmless Error; Evidence.*—Where it appeared that a witness did not know a fact as of his own knowledge, sought to be elicited from him, the exclusion of such question was not prejudicial error.

APPEAL from Talladega City Court.

Heard before Hon. CECIL BROWNE.

Action by Dora Hubbard as administratrix against Coffin & Leak, receivers, for damages for death of her intestate alleged to be an employee of defendant. Judgment for defendant, and plaintiff appeals. Affirmed.

RIDDLE & BURT, for appellant.

KNOX, ACKER, DIXON & SIMS, for appellee.

SAYRE, J.—Appellant, suing as administratrix for damages on account of the alleged wrongful death of her intestate while in the employment of defendants, stated her cause of action in several counts under the Employers' Liability Act, adding a count under the common law for the employers' failure to use due care in furnishing her intestate with a safe place in which to do the work for which he was employed. To recover, it was necessary, of course, that plaintiff should show that her intestate was at the time of his injury, resulting in death, a servant or employee in the service of defendants. The general issue pleaded contained a denial of this essential fact.

(1) Defendants, as receivers of the Alabama Consolidated Coal & Iron Company, were engaged in the surface mining of iron ore and had been taking ore from a pit or cut which had been excavated to a depth

of 10 or 12 feet over an area some 15 or 20 feet across. A day or two after intestate went to work in this pit the wall or bank out of which he was taking ore fell upon him causing his death. We find the facts, touching upon the relation between intestate and defendants and established beyond any reasonable inference otherwise, to be that intestate had contracted with defendants to get out ore for them, to be delivered at the washers at a fixed price per ton. Intestate employed and paid his own help and furnished his own tools, wagons, and teams. Defendants assigned him to work in this cut, and their superintendent inspected the output to see that it did not contain too much dirt; but they did not say, nor does it appear that they reserved the right to say, at just what point in the pit or how in any respect intestate should conduct his operations. It was, however, expected—no doubt, required—that he should be diligent, and defendants' superintendent gave some attention to this feature of his operations, but this had effect only upon the quantum of output not the means or agencies employed to produce it. From these facts it follows, we think, that intestate rendered service to defendants in the course of an independent occupation, representing the will of his employers only as to the result of his work, and not as to the means and agencies by which it was accomplished, and hence that he was an independent contractor, not a servant or employee as alleged in the complaint or within the meaning of the law upon which appellant relied.—*Harris v. McNamara,* 97 Ala. 181, 12 South. 103; *Lookout Mt. Iron Co. v. Lea,* 144 Ala. 169, 39 South. 1017; *Ala. Western R. R. Co. v. Talley-Bates Co.,* 162 Ala. 396, 50 South. 341; *Warrior-Pratt Coal Co. v. Shereda,* 183 Ala. 118, 62 South. 721.

We have not overlooked the evidence tending to show that defendants' superintendent assigned intestate to work in the pit where he was, for that has already been stated, nor that he knew or suspected that there was danger of the bank falling, and gave intestate warning of the fact. None of this, nor all of it together, tended to discredit or impair the force of the testimony which went to show that intestate was an independent contractor within the rule of the cases we have cited above.

(2) There was no reversible error in the court's rulings on questions of evidence. Plaintiff sought to draw out from one of her witnesses broad general statements as to the authority of defendents' superintendent over her intestate. If these questions were not objectionable as asking for the mere opinions or conclusions of the witness, the rulings against them were still without error as to plaintiff for the reason that the witness in other parts of his testimony showed affirmatively that he did not know what the contract between defendants and intestate was, and was hence incompetent to answer the questions as of his own knowledge.

Having reached the conclusion that there was no error in the rulings on evidence and that defendants were entitled to the general affirmative charge for the reason that plaintiff failed to make out the case alleged in her complaint, we need not consider those assignments of error which go to the rulings on the sufficiency of some of the special pleas interposed. Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and DE GRAFFEN-RIED, JJ., concur.