# Republic Iron & Steel Co. *v.* Luster.

*Injury to Invitee.*

(Decided April 15, 1916. 68 South. 358.)

1. *Negligence; Dangerous Premises; Invitee; Complaint.*—A complaint alleging that plaintiff was rightfully at work in a mine assisting a third person employed by the defendant owning and operating the mine, to mine ore, that while in the discharge of his duties in the mine, a chain which was used in the business of mining ore and which was provided by defendant, broke, and as a proximate consequence thereof, plaintiff was injured, states a cause of action on

the theory that plaintiff was an invitee on defendant's premises to whom defendant owed the duty of ordinary care to keep the premises reasonably safe.

2. *Master and Servant; Independent Contractor; Evidence.*—The evidence examined and held to show that a third person was an independent contractor of defendant, and that plaintiff was an employee of such third person and could not recover from defendant.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by John Luster against the Republic Iron & Steel Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Transferred from the Court of Appeals under section 6, p. 450, Acts 1911.

Count A is as follows: Plaintiff claims of defendant * * * as damages for that * * * defendant owned and operated an ore mine near, * * * and on said date that plaintiff was rightfully at work in said mine assisting one John Goode, who was employed by defendant to mine ore in said mine; the plaintiff being employed by said Goode to assist in and about the work of mining ore therein, and he avers that, while he was so engaged in the discharge of his duties in said mine, a chain broke which was used in and about the business of mining ore therein, and which chain was provided by defendant, and as a proximate consequence thereof the plaintiff was cut, bruised, scarred, lacerated, and contused in his legs, hands, arms, and other parts of his body, one of his legs was badly crippled, he was injured in his breast, made sore and sick, lost a great deal of time from his work, suffered great mental and physical pain and anguish, and that his health and physical stamina were permanently injured, and he is permanently disabled; hence this suit. Plaintiff avers that he was injured on the occasion aforesaid and suffered said injuries and damage by reason and as a

proximate consequence of the negligence of defendant
in failing to exercise reasonable skill and care in pro-
viding a reasonably safe chain for use in said mine, as
it was its duty to do.

PERCY, BENNERS & BURR, for appellant.

MATHEWS & MATHEWS, for appellee.

SAYRE, J.—(1) This case went to the jury on count
A of the complaint, demurrer to which was overruled.
The count, as a sufficient statement of a cause of action,
finds support in *Sloss-Sheffield Co. v. Stewart,* 172 Ala.
516, 55 South. 785, where the same general averments
of duty under similar circumstances was upheld. Plain-
tiff does not declare as an employee of defendant. His
averment is that he was rigtfully on the premises of
defendant as an employee of one Goode, who was em-
ployed by defendant to operate the mine. Plaintiff
stood to defendant in the relation of an invitee upon·
defendant's premises to whom, in general, defendant
owed only the duty of ordinary care and prudence to
keep the premises under its control reasonably safe.—
*T. C. I. Co. v. Burgess,* 158, Ala. 519, 47 South. 1029;
*Lookout Mountain Iron Co. v. Lea,* 144 Ala. 169, 39
South. 1017. Or, as Cooley, C. J., states the doctrine
in *Powers v. Harlow,* 53 Mich. 507, 19 N. W. 257, 51
Am. Rep. 154: "A person giving such a license, espe-
cially when he gives it wholly or in part for his own
interest as was the case here, and thereby invites oth-
ers to come upon his premises, assumes to all who ac-
cept the invitation the duty to warn them of any dan-
ger in coming, which he knows of, or ought to know
of, and of which they are unaware."—*Bright v. Bar-
nett Co.,* 88 Wis. 299, 60 N. W. 418, 26 L. R. A. 524.

The chain was an instrumentality rather than a place, and it would ordinarily be assumed against the pleader that it was furnished to plaintiff's employer, not directly to plaintiff, in which case, without more, as we shall see, the responsibility of plaintiff's employer stood between plaintiff and defendant. But defendant may have assumed, by convention or by implication arising out of its practice in the premises, to care for the condition of the chain in use, and, if so, it assumed the duty of ordinary diligence in that regard; and to the averment of such responsibility the general language of the complaint, it seems, has been held sufficient.

The case was tried upon the count considered above and defendant's general denial. There was judgment for the plaintiff.

(2) On the evidence defendant, appellant, contends that plaintiff's employer, Goode, was an independent contractor, and for that reason was not its employee within the averment of the complaint and the meaning of the law of master and servant; and, further and in either case, that defendant owed plaintiff no duty to look after the safety of the chain. The ruling on a very similar state of facts in *Harris v. McNamara*, 97 Ala. 181, 12 South. 103, would seem to make Goode an independent contractor. But it may be conceded that the evidence here on that point is involved in some slight confusion, and the question as to the precise nature of the relation between Goode and defendant, if conclusive of the case, might have been proper for submission to the jury. But a resolution of that specific question would not adequately meet the issue proposed by the complaint, for in either case Goode was "employed" within the broad meaning of that term as used in the complaint, and the question of controlling importance, depending upon the legal intendments of plaintiff's sit-

[Republic Iron & Steel Co. v. Luster.]

uation as an invitee, is whether by reason of the relation proved defendant owed plaintiff the duty of inspecting and controlling the condition of the chain that broke.

Defendant had not employed plaintiff. It had employed Goode to get the ore out of a "scram," which is described as a small soft-ore mine complete in itself. Goode furnished his own tools, dynamite, and powder, employed and discharged at pleasure his own help, and was paid for the delivered ore by the ton. Defendent furnished timber for use in the "scram," but Goode did his own timbering. Defendant furnished also a hoisting engine and cable, but Goode set up, arranged, and operated them according to his own notion. Goode made use of a single car in getting ore out of the "scram," and when preparing for the work, as we read the facts from the record, he passed the cable from the car to the engine through a pulley. Without consulting defendant or any of its managing agents, to stay the pulley or hold it in place, he picked up on the premises an old tracechain which he attached to the pulley and passed around a convenient tree. This chain broke under the strain, and so plaintiff was injured. Defendant is not shown to have exercised itself about the arrangement or to have given any attention to the condition or fitness of the chain, nor can such facts be properly inferred from the circumstance, which alone the plaintiff was able to show, that on one occasion defendant's superintendent was near the place where the arrangement was in use. It thus appears without dispute that the chain was brought into service by Goode and was under his control. By taking employment from Goode plaintiff bargained with him for the safety of the instrumentalities furnished him, and presumptively Goode was liable for his mishap. So far

as concerned plaintiff, with whom defendant had no contractual relation, defendant had the right to remit all consideration of the condition of the instrumentalities in use to the care and control of plaintiff's employer by whom they were selected and kept in service; nor did defendant change the situation or assume obligation to Goode's employees by actually furnishing the chain for the purpose for which it was used, or any other for that matter; nor did defendant by any actual exercise of control over the use of the chain assume the duty of diligence in the premises. Plaintiff's recourse in the undisputed circumstances of this case was against his employer, and defendant was due the general affirmative charge it requested in various shapes.

ANDERSON, C. J., and MCCLELLAN and GARDNER, JJ., concur in the conclusion. They are of the opinion that the evidence shows that Goode was an independent contractor and not an employee of the defendant as charged in count A.—*Hubbard v. Coffin & Leake,* 191 Ala. 494, 67 South. 697; *Warrior-Pratt Co. v. Shereda,* 183 Ala. 118, 62 South. 721; *Harris v. McNamara Bros.,* 97 Ala. 181, 12 South. 103.

Reversed and remanded.