Vora **CROLEY**, as Administratrix of the Estate of Jessie O. Croley, Deceased, Plaintiff,

v.

**MATSON NAVIGATION COMPANY and Eureka Chemical Company, Defendants.**

David E. **BOULER**, Plaintiff,

v.

**MATSON NAVIGATION COMPANY and Eureka Chemical Company, Defendants.**

Civ. A. Nos. 4016–66, 4017–66.

United States District Court, S. D. Alabama, S. D.

June 30, 1969.

Robert T. Cunningham, Mobile, Ala., and Broox G. Garrett, Brewton, Ala., for plaintiffs.

W. Boyd Reeves, Mobile, Ala., for defendant Matson Navigation Co.

Alexander F. Lankford, III, and Donald F. Pierce, Mobile, Ala., for defendant Eureka Chemical Co.

ON MOTION FOR SUMMARY JUDGMENT BY DEFENDANT MATSON NAVIGATION COMPANY

OPINION

DANIEL HOLCOMBE THOMAS, Chief Judge.

These two cases are presently before the Court on the Defendant Matson Navigation Company's Motions for Summary Judgment filed in each case on December 23, 1968. Summary judgment is sought by the Defendant Matson but not by the Defendant Eureka. Matson initially moved for a summary judgment in each case on May 31, 1967, pursuant to Rule

56 of the Federal Rules of Civil Procedure. The motions were subsequently amended, and as finally presented to the Court were based on the pleadings, affidavits, interrogatories propounded by the plaintiffs to Matson, and Matson's sworn answers thereto, requests for admissions to Matson and the co-defendant Eureka Chemical Company, and the two defendants' sworn responses thereto, depositions, and other documents admitted into evidence at a special hearing held on September 8, 1967. After considering the evidence, this court previously denied Matson's motions for summary judgment in each case, and Matson filed timely motions for reconsideration in each case. The Court again heard argument from counsel for the parties and denied Matson's motions for reconsideration.

The present motions were set down for a special hearing on the 12th day of May 1969, at which time counsel for the respective parties presented oral argument to the Court. Now after due consideration, the Court is of the opinion that the motions for summary judgment filed by defendant Matson Navigation Company on December 23, 1968, should be granted and the previous rulings on the motions for summary judgment are hereby vacated.

The facts giving rise to these actions as depicted by the pleadings, affidavits, depositions, interrogatories and answers thereto, requests for admissions and responses thereto, and other documents filed in these cases are as follows:

The plaintiff David E. Bouler and the plaintiff Vora Croley's intestate, Jessie O. Croley (hereinafter referred to collectively as plaintiffs) were employees of Alabama Dry Dock and Shipbuilding Company (hereinafter referred to as ADDSCO) in Mobile, Alabama, and were working on the SS MARINE DEVIL when gases or vapors in certain tanks

on the said vessel exploded on October 26, 1965. The plaintiff Bouler sustained personal injuries and plaintiff Vora Croley's intestate sustained injuries resulting in his death in the explosion. At the time of the accident, the vessel was undergoing extensive conversion repairs pursuant to a contract between Matson and ADDSCO and was a "dead ship"[1] that had been withdrawn from the "Mothball Fleet." The gases or vapors which resulted in the explosion emanated from a preservative known as Fluid Film Grade BM. This preservative was manufactured and sold by Eureka Chemical Company, who is also named as a defendant in these suits.

The plaintiffs seek by these cases to visit liability on Matson upon one or more of the following theories: (a) Matson specified and/or procured the preservative which Matson knew or should have known was capable of producing explosive gases, (b) Matson failed to warn the plaintiffs that the preservative was flammable and dangerous, and (c) Matson exercised control of the work being performed by the plaintiffs and their employer, ADDSCO.

The evidence before the Court on the issue of Matson specifying and/or procuring the Fluid Film Grade BM which it knew or should have known was capable of producing explosive gases is that the conversion specifications between Matson and ADDSCO provided that ADDSCO was to:

"Thoroughly clean and coat (the ballast tanks of the vessel) with Eureka Fluid Film, Grade BM, to a thickness of 80 mils, strictly according to manufacturer's recommendations."

This Fluid Film was purchased by Matson in California and was placed on the MARINE DEVIL, which vessel was towed by ADDSCO's subcontractor to Mobile, Alabama. Matson made the

[1]. The plaintiff's original complaints initially contained causes of action for unseaworthiness; however, these causes of action were abandoned by the plaintiffs in subsequent amended complaints. There-fore, there is no question presented herein as to whether the SS MARINE DEVIL was in navigation at the time of the explosion.

purchase for ADDSCO in California because the preservative could be purchased at a cheaper price at that locale than in Mobile, Alabama, and the evidence shows that ADDSCO was billed and reimbursed Matson the purchase price.

In its sworn answers to interrogatories propounded to it by the plaintiffs, Matson stated that it had been using Fluid Film on its vessels since 1960 and that it had never experienced any fires or explosions on any of its vessels which had been treated with Fluid Film. In its sworn response to the plaintiffs' requests for admission Matson denied that it instructed Eureka Chemical Company, manufacturer of the preservative, to prepare the product specifically for Matson. In its sworn response to the plaintiffs' requests for admissions, the co-defendant Eureka Chemical Company denied that it prepared Fluid Film, Grade BM, according to specifications supplied to it by Matson. There was no evidence to the contrary presented by the plaintiffs. Therefore there is no issue before the Court as to whether or not Matson specified or procured the product Fluid Film to be used by ADDSCO when it knew or should have known of its dangerous characteristics.

However, even if there was evidence that Matson knew of the dangerous characteristics of the product, Fluid Film, Grade BM, the facts conclusively show that any duty to warn the plaintiffs of said condition was discharged by the knowledge of ADDSCO, the employer of plaintiff and plaintiff's intestate, of the dangerous characteristics of the product.

The affidavit of D. L. Turner, safety engineer for ADDSCO, and the deposition of J. M. Backes, an independent chemist employed by ADDSCO, are to the effect that ADDSCO, the employer of plaintiff and plaintiff's intestate, was fully cognizant of the flammable nature of Fluid Film, Grade BM, used on the vessel prior to the explosion. Backes had run various tests on the product sometime prior to the

explosion and had concluded it was highly flammable. He advised Turner of this fact, and Turner in turn, notified all crafts at ADDSCO of this fact. ADDSCO had also experienced a fire with Fluid Film on another vessel prior to the subject explosion. Turner further stated that he had never advised Matson representatives of the flammable and dangerous characteristics of the product. The facts are undisputed that ADDSCO was well aware of the dangerous and flammable characteristics of Fluid Film, Grade BM.

The principal ground, among others, upon which Matson urges it is entitled to a summary judgment in these cases, is that any duty which it may have owed to the plaintiffs to warn of a dangerous condition or hazard in the use of the Fluid Film was discharged by the knowledge of ADDSCO of said condition, and it therefore breached no duty which it may have owed to the plaintiffs. This position is supported by the law of Alabama, and other jurisdictions. See: Crawford Johnson and Company v. Duffner, 279 Ala. 678, 189 So.2d 474 (1966); United States Cast Iron Pipe & Foundry Company v. Fuller, 212 Ala. 177, 102 So. 25 (1924); Littlehale v. E. I. duPont, 268 F.Supp. 791 (S.D.N.Y.1966); Delhi-Taylor Oil Corporation v. Henry, 416 S.W.2d 390 (Tex.1967).

This proposition of law has been followed by the Fifth Circuit Court of Appeals. Gulf Oil Corporation v. Bivins, 276 F.2d 753 (1960); Huffstutler v. Hercules Powder Co., 305 F.2d 292 (1962); Turner v. West Texas Utilities Company, 290 F.2d 191 (1961).

Here, the undisputed evidence shows that the employer of the plaintiffs knew of the dangerous characteristics of the preservative Fluid Film, Grade BM. Consequently, even if Matson knew or should have known of the dangerous propensities of the product, and all of the evidence in this regard is to the contrary, any duty which Matson may have owed to the plaintiffs to warn them of said condition was discharged by the

knowledge of their employer, ADDSCO, of the condition.

As to the issue of control by Matson over the work being performed by ADDSCO and the plaintiffs, Matson offered the affidavit of J. R. Maumanee, President of ADDSCO, which in substance stated that the supervisory personnel of Matson who were on the job site exercised absolutely no control over ADDSCO employees and the manner in which ADDSCO performed its work and did not attempt to exercise such control. The conversion contract offered into evidence shows that custody and control of the vessel was delivered to ADDSCO in San Francisco, California. To contradict this evidence, the plaintiffs offered the affidavit of plaintiff Bouler which stated that Matson personnel did instruct him and other ADDSCO employees in the manner in which they did work. Subsequent to the filing of this affidavit, the deposition of Mr. Bouler was taken wherein he testified that while he saw men who he was informed were Matson personnel on the vessel, these men never instructed him in the manner in which he or other ADDSCO employees performed their work.

■■ It is not unusual in the major construction or conversion of vessels for the owner to have its representatives present on the job site. However, presence of the owner's representatives is not tantamount to control over the contractor's employees or the manner in which they perform their work. Van Horn v. Gulf Atlantic Towing Corp., 261 F.Supp. 1015 (E.D.Va.1967). The evidence before the Court is uncontradicted that Matson retained no control over the vessel and did not exercise control over ADDSCO or its employees in the performance by the latter of its contract.

■ In the recent Fifth Circuit Court of Appeals case of Harvey v. Great Atlantic and Pacific Tea Company, 388 F.2d 123 (5 Cir. 1968), the Court, in speaking with regard to the District Court's task in considering a motion for summary judgment said:

"The task of the district court in considering a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure is clearly outlined in the decisions. The court may grant the motion only if it appears from the pleadings, depositions, admissions and affidavits, considered in the light most favorable to the opposing party, that there is no genuine issue of fact for trial and that the moving party is entitled to judgment as a matter of law."

In the instant cases all of the depositions, admissions, interrogatories, and affidavits conclusively show there is no genuine issue of any material fact for trial as to the defendant Matson. The only contradiction of the facts presented by the plaintiffs is found in the allegations of their complaints. In Rule 56(e) of the Federal Rules of Civil Procedure, it is stated:

"When a motion for summary judgment is made and supported as provided in this rule, *an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.* If he does not so respond, summary judgment, if appropriate, shall be entered against him." (Emphasis added.)

See Moore's Federal Practice, Vol. 6, P. 2021

There being no genuine issue of fact for trial, as to the defendant Matson, the Court is of the opinion that Matson is entitled to a summary judgment in each case as a matter of law.

Therefore, it is ordered, adjudged and decreed by the Court that the motions for summary judgment filed by Matson Navigation Company on December 23, 1968, should be and are hereby granted.

It is further ordered, adjudged and decreed by the Court that Matson Navigation should be and is hereby dismissed as party defendant in each of the above cases.