# Hatch. *v.* Varner.

*Action for Damages for Interfering With Lease.*

(Decided April 4, 1907.  43 So. Rep. 481.)

*Trial; Direction of Verdict.*—It is error to refuse the general affirmative charge requested by the defendant in the absence of testimony tending to support the material allegations of the complaint.

APPEAL from Hale Circuit Court.

Heard before Hon. JOHN MOORE.

Action for damages for entering upon leased premises and interfering with sub-tenants of lessee, begun by J. M. Varner against V. A. Hatch. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The complaint avers in substance that appellant rented to appellee her plantation in Hale county for a term of years; that appellant entered upon and cultivated the said plantation during the term, and each year paid the rent and performed all the obligations of his contract of lease to her; that the appellant unlawfully and wrongfully, during the latter part of the last year of the lease, while the crops were still ungathered, entered upon the premises, and notified various tenants, to whom appellee had rented as sub-tenants, that the appellee had not complied with his obligations under the contract of lease with appellant; and that they must not

deliver any part of their crops to appellee, as rent or otherwise, or they would be liable to appellant for appellee's rent, etc. The evidence shows an entry by the agent of appellant some time in August, in response to a letter from appellee to do so, to see about the terms of the lease and wherein appellee had not complied therewith. That was the only entry shown. It was further shown that subtenants of appellee went to appellant's agent to see about their rents, and had some conversation with him relative to the assignee of appellee trying to get them to pay thé rent due appellee. Both parties requested the affirmative charge, and were refused. The jury awarded damages to plaintiff, appellee, in the sum of $300, and from this judgment this appeal is prosecuted.

McDANIEL & POWELL, and PETTUS, JEFFRIES & PARTRIDGE, for appellant.—The court erred in allowing the amendment to the complaint and refusing motion to strike amended complaint.—26 A. & E. Ency. of Law, 57; *Foshee v. Cent. Ry. Co.*, 125 Ala. 225. On the same authorities the court erred in overruling the motion to strike from the complaint the claim for damages on account of failure to meet his obligations to Hooper and on account of having to pay the attorney's fees employed by Hooper. It was not shown that the interference by defendant was malicious or that it was with force or fraud.—*Chambers v. Baldwin*, 11 L. R. A. 545; *Boysen v. Thorne*, 21 L. R. A. 233; 16 A. & E. Ency. of Law, pp. 1109-1116; 60 Am. St. Rep. 560; Cooley on Torts, 581. The affirmative charge should have been given.—Authorities supra.

DEGRAFFENRIED & EVINS, and THOMAS E. KNIGHT, for appellee.—The complaint contained a cause of action. —*Walker v. Cronin*, 107 Mass. 555; *Carew v. Rutherford*, 106 Mass. 1; *Carrington v. Taylor*, 11 East. 571 and note with citations therein; *Greene v. Button*, 2 Cr. M. & R. 707; *Gunter v. Astor*, 4 J. B. More, 12; *Benton v. Pratt*, 2 Wend. 385; *Angle v. Chicago S. P. M. & Ry. Co.*, 151 U. S. 1 and cases therein cited. Plaintiff was

entitled to damages for attorney's fees employed by Hooper.—*Milwaukee R. R. Co. v. Kellogg*, 94 U. S. 469; *Purcell v. St. P. C. R. R. Co.*, 48 Minn. 138; *E. T. & V. R. R. Co. v. Lockhard*, 79 Ala. 315; *Aetna F. Ins. Co. v. Boone*, 95 U. S. 130; *Scott v. Sheperd*, 2 W. Bl. 892. The allegations of the complaint were fully met by the proof.—*State v. Talley*, 102 Ala. 69; *State v. Hamillton*, 13 Nev. 386.

McCLELLAN, J.—The appellee instituted this action for damages, against appellant. The trial was had on count 2 of the amended complaint to which the general issue was pleaded. The original count, and the special pleas filed by defendant, all fell under rulings of the court. Count 2 conjunctively alleges that the entry of defendant or her agents on the premises was intentional and wrongful and that the subtenants named in the count were notified of defendant's claim of a breach of the contract of rental, and were warned not to pay plaintiff their rents or deliver their crops to him. There is an entire absence of testimony in this record tending to show any such entry by defendant or her agents. On the contrary, the only agent whose entry on the place is shown was that of McDaniel, who, it appears, was there in obedience to the express invitation and solicitation of the plaintiff—the very opposite of a wrongful entry. The failure to support the material allegation indicated required the giving of the affirmative charge requested by the defendant, and its refusal was error.

It is unnecessary to consider the other errors assigned. For the error stated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

Tyson, C. J., and Dowdell and Anderson, JJ., concur.