# Addington *v.* American Casting Co.

### *Damage From Collision.*

(Decided February 5, 1914.   64 South. 614.)

1. *Master and Servant; Injury to Third Person; Liability.*—In determining the master's liability to a third person for acts of the servant the primary test is whether the act was within the line and scope of the servant's employment.

2. *Same; Pleading.*—Where the complaint alleged that defendant's servant negligently propelled defendant's wagon and team which was being driven by him against plaintiff's buggy, and that plaintiff's injury was caused by reason of the negligence of defendant in selecting as a driver of said wagon and team an incompetent servant, such complaint is demurrable for failure to allege that such servant was acting within the line and scope of his employment when inflicting the injury.

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. B. SMITH.

Action by J. L. Addington against the American Casting Company for damages for injury received in a collision between defendant's wagon and team and plaintiff's buggy. Judgment for defendant on the pleadings and plaintiff appeals. Affirmed.

GASTON & PETTUS, for appellant. The count in ques tion was good and the demurrers thereto should have been overruled.—*Randolph v. Sharp*, 42 Ala. 265; *First Nat. Bank v. Chandler*, 144 Ala. 307; 26 Ala. 1518, and cases cited.

TILLMAN, BRADLEY & MORROW, for appellee. The primary test in cases of this kind is whether the servant was acting within the scope of his employment.—26 Cyc. 1525. The complaint failed to allege that the acts complained of were done by the servant within the line and scope of his employment, and hence, demurrers were properly sustained.—*Palos C. & C. Co. v. Benson*, 145 Ala. 665, and cases cited.

GARDNER, J.—Appellant brought suit in the circuit court of Jefferson county against appellee, for damages, which resulted in verdict and judgment for the defendant. The appeal is on the record, no bill of exceptions appearing, and there is but one assignment of error, which is as follows: "The court below erred to the great prejudice and injury of appellant in sustaining appellee's demurrer to count 3 of complaint." This count 3 is copied in brief of counsel for appellant, together with the assignment of demurrer thereto, as follows: "Plaintiff claims of the defendant $10,000 as damages for this: That heretofore, on, to wit, the 15 day of June, 1910, defendant was engaged in the following business in Jefferson County, Alabama, viz., the operation of a

casting plant, and used in connection therewith a certain wagon and team; and plaintiff avers that on, to wit, the said date, he was lawfully in a buggy, and, while there, defendant's servant or agent, operating its wagon and team, negligently propelled the same upon or against the plaintiff's buggy, thereby inflicting upon the plaintiff the wounds and injuries and damages set out in the first count of this complaint; and plaintiff avers that his said wounds and injuries and damage were caused by reason of the negligence of the defendant in selecting, as a driver of said wagon and team, a careless, incompetent, and unfit servant. The demurrers interposed were as follows: (1) For that the averment of said count is vague, uncertain, and indefinite. (2) For that it does not appear with sufficient certainty what duty the defendant owed to the plaintiff. (3) For that it does not appear therefrom, with sufficient certainty, wherein or how the defendant violated any duty which it owed to the plaintiff. (4) It does not show that the servant or agent was acting within the line or scope of his employment. (5) It does not show that defendant violated any duty it owed plaintiff. (6) It does not show that defendant negligently selected a careless, incompetent, and unfit servant."

It is thus seen that this count seeks recovery upon common-law liability of the master for the employment of an incompetent and unfit servant. One of the assignments of demurrer takes the point that the count fails to show the servant or agent was acting within the line or scope of his employment.

As stated in 26 Cyc. (page 1525): "The primary test to determine the master's liability for the act of his servant is whether the act was within the scope of his employment."

Count 3, unlike the other counts of the complaint, fails to allege that the servant was acting within the

sccope of his employment or was engaged in the service of the master at the time of the injury.

"The act must be, not only 'within the scope of his employment,' but also 'committed in the accomplishment of objects within the line of his duties, or in and about the business or duties assigned to him by his employer."—*Palos Coal & Coke Co. v. Benson,* 145 Ala. 664, 39 South. 727. We think it clear the assignment of demurrer taking this point was well taken.—*Palos Coal & Coke Co. v. Benson, supra; Mayer v. Thompson-Hutchison Bldg. Co.,* 104 Ala. 611, 16 South. 620, 28 L. R. A. 433, 53 Am. St. Rep. 88.

We deem it unnecessary to discuss other grounds of demurrer, as this assignment was sufficient to justify the court below in sustaining the demurrer to count 3. The judgment of the court below is therefore affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.