(93 South. 22)

**ALABAMA POWER CO. v. CONINE et al.**
(5 Div. 809.)

(Supreme Court of Alabama. Jan. 19, 1922. Rehearing Denied May 4, 1922.)

1. **Master and servant ⬤⇒329 — Averment of negligence of defendant by servants sufficient, without allegation of scope of employment.**

In an action for wrongful death, a count averring that defendant by its servants, agents, or employees, negligently committed the act causing death, is sufficient, without further averring that the act was in the line and scope of employment.

2. **Master and servant ⬤⇒329—Count averring negligence of defendant's servants must aver scope of employment.**

In an action for wrongful death, a count in the complaint averring that the act complained of was negligently permitted by defendants, its agents, servants, or employees, but failing to aver that the agents, servants, or employees were at the time acting in the line and scope of their employment, was defective, and vulnerable to demurrer.

3. **Master and servant ⬤⇒329—Count averring negligence of defendant's agent must be supported by proof of scope of employment.**

In an action for wrongful death, a count in the complaint averring negligence of defendant's agent must be supported by proof that the agent was acting at the time in the line and scope of his employment on the duties under his employment.

4. **Trial ⬤⇒145—Error to refuse general affirmative charge as to count, where material averments not proved.**

Where the evidence did not prove or tend to prove all the material averments of one of the counts in the complaint, it was error to refuse the general affirmative charge as to that count.

5. **Master and servant ⬤⇒300—Relation and act within employment essential to employer's liability to third person.**

To fix liability against a defendant for death by wrongful act of his servants, agents, or employees, the relationship of defendant and the alleged wrongdoers must exist at the time of the wrong, and the wrongful act must be within the scope of the agents' or servants' authority.

6. **Action ⬤⇒38(4) — Pleading in action for wrongful death held not bad, as joining charge of willful injury with simple negligence.**

In an action for wrongful death, counts of the complaint, averring that defendant intentionally or willfully left a wire in the public street charged with a high and dangerous voltage of electricity, held not demurrable, as joining a charge of willful injury with a charge of simple negligence.

7. **Negligence ⬤⇒100—Contributory negligence no answer to wanton count.**

A plea of contributory negligence is no answer to a wanton count.

Appeal from Circuit Court, Tallapoosa County; Lum Duke, Judge.

Action by Alberta G. Conine and another, as the personal representatives of the estate of W. M. Conine, deceased, against the Alabama Power Company, for the death of their decedent. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

N. D. Denson & Sons, of Opelika, J. Percy Oliver, of Dadeville, and Perry W. Turner, of Birmingham, for appellant.

The court erred in overruling demurrers to counts 1, 2, 3, and 4 of the complaint. 186 Ala. 92, 64 South. 614; 26 Cyc. 1525; 145 Ala. 664; 104 Ala. 611, 16 South. 620; 196 Ala. 670, 72 South. 305. On these same authorities, count 5 was demurrable. Counts 6, 7, and 8 were subject to the demurrers interposed. 117 Ala. 367, 23 South. 231; 114 Ala. 492, 22 South. 279, 62 Am. St. Rep. 116; and authorities supra. The defendant was entitled to the affirmative charge as requested. 166 Ala. 482, 52 South. 86; 150 Ala. 440, 43

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

South. 481; 91 Ala. 487, 8 South. 552. The doctrine of error without injury is without application here. 204 Ala. 539, 86 South. 394, 12 A. L. R. 251; 136 Ala. 537, 33 South. 835, 96 Am. St. Rep. 38; 184 Ala. 420, 63 South. 992. Counsel discuss other assignments of error not necessary to be here treated.

James W. Strother and Thomas L. Bulger, both of Dadeville, for appellees.

General demurrers will not be considered, nor will general assignments of error. 150 Ala. 659, 43 South. 796. There was no room for the affirmative charge under the evidence in this case. 144 Ala. 343, 39 South. 74; 156 Ala. 108, 47 South. 201. Any error committed by the trial court was without injury. 139 Ala. 462, 36 South. 40; 125 Ala. 178, 27 South. 781.

MILLER, J. This suit is under the homicide statute. Section 2486, Code 1907. It is by the administrator and administratrix of the estate of W. M. Conine, deceased, against the Alabama Power Company. There was judgment for the plaintiff, and the defendant appeals.

Appellant was operating an electric light distributing system in the town of Camp Hill at the time of the injury causing the death of W. M. Conine. The wires were strung on poles in the streets of the town. About 2 o'clock in the morning a fire occurred in a pressing room building in the town. The fire from the building burned in two the wires of appellant strung on the poles in the street. The ends of the wires then fell on the ground. One E. H. Rodgers was local manager of defendant at that place. He severed some of the wires that were on the ground while the building was burning, so they would hang from the poles out of reach of persons passing. There was one or more wires left down on the ground. This agent of defendant assured some witnesses there was no further danger from the wires remaining on the ground. Conditions remained unchanged as to the wires until about 7 o'clock in the morning, when a wire on the ground was discovered to be charged with electricity. Plaintiff's intestate was informed of it, and he immediately notified Rodgers, defendant's agent, and together they immediately went to the wire. Rodgers assured Conine there was no danger in the wire. Rodgers picked up one of the wires and quivered. Conine grabbed a piece of paper and caught hold of the wire. Some of the witnesses testified that Conine fell first and died, and that then Rodgers fell, and afterwards died; others testified that Rodgers fell first, holding the wire, then Conine caught it, fell, and died. This was the tendency of some of the evidence. There are eight counts in the complaint. Demurrers were assigned to each. The court overruled the demurrers to each court.

[1] Counts 1, 2, 3, and 4 charge simple negligence. Counts 1 and 2 each aver defendant, by its servants, agents, or employés, negligently committed the act complained of, which caused the death of plaintiff's intestate. When it is so alleged, it is not necessary to aver the act was omitted or committed by the servant, agent, or employé while acting in the line and scope of his employment. When the defendant does the negligent act by its servant, this includes done in the line and scope of the servant's employment. Such averment is quite different from an allegation that it was done by defendant, its agent, or servant. He may have been defendant's servant, but not acting for and in the line and scope of his employment, at the time of the injury. Demurrers assigned to counts 1 and 2 were properly overruled.

[2] Count 3 avers the act complained of was negligently permitted by defendant, its agents, servants, or employés, but fails to aver the agents, servants, or employés were at the time acting in the line and scope of their employment. This was necessary under these averments. Addington v. Am. Cast. Co., 186 Ala. 92, 64 South. 614. The court erred in overruling the demurrers to this count, numbered 3.

[3] Count 4 avers "the defendant by its servants, agent or employés negligently permitted," etc., and it also alleges that Conine's death was proximately caused by reason of negligence of J. M. Barry, "who was in the service or employment of defendant, and while acting within the scope of his employment, or of his duties under his employment," etc. The count must be construed as a whole, and when it is, it will not be subject to that demurrer. This count, No. 4, under the evidence, was submitted to the jury. It charges that J. M. Barry was agent of defendant, that plaintiff's intestate's death was caused by his negligence, and that he was acting in the line and scope of his employment or duties under his employment at the time of the injury. These allegations were material. The burden of proving them is on the plaintiffs (T. C. I. & R. Co. v. Hamilton, 100 Ala. 252, 14 South. 167, 46 Am. St. Rep. 48); the general issue having been pleaded by the defendant. The proof fails to show that J. M. Barry was in any way connected with the defendant. No evidence indicates that he was an agent, servant, or employé of the defendant. The entire evidence points to and names E. H. Rodgers as the agent of defendant, keeping up its wires, managing its business at that place, at the time of the injury.

[4] The defendant asked the court to give in its favor the general affirmative charge as to count No. 4. The charge was in writing.

It was refused by the court. This was error. The evidence did not prove, or tend to prove, all of the material averments of this count; hence that charge should have been given. Hatch v. Varner, 150 Ala. 440, 43 South. 481; Tobler v. Pioneer Min. & Mfg. Co., 166 Ala. 482, 52 South. 86.

[5] Count 5 is denominated a wanton count. It is defective in failing to aver the wanton act of defendant was done by its agent or servant or employé, while acting in the line and scope of his employment, or that defendant's plant at the time and place of the wanton act was in control, charge, or management of the servant, agent, or employé of defendant. Jones v. Strickland, 201 Ala. 138, 77 South. 562; Addington v. Am. Casting Co., 186 Ala. 92, 64 South. 614; Palos Coal & Coke Co. v. Benson, 145 Ala. 664, 39 South. 727; Morrison v. Clark, 196 Ala. 670, 72 South. 305. This count, No. 5, avers "defendant's servants, agents, or employés, or some one in the employment of defendant," committed the act, and it avers "that the death of plaintiffs' intestate was proximately caused by reason of the wanton, willful wrong of defendant's servants, agents, or employés," etc. It does not aver that defendant, by its servants, agents, or employés, committed the wanton and wrongful act. The averment that defendant's servant committed the wanton and wrongful act is not the same as an averment that the defendant, by its servant, committed the wanton and wrongful act. The wanton wrong of defendant's servant is not the same as the wanton wrong of defendant by its servant. The count may state a cause of action against defendant's servant, agent, or employé, but it does not clearly do so against the defendant by its servant, agent, or employé. The suit is against the defendant, and not against its servant. To fix liability, the relation of principal and agent, or master and servant, must exist at the time of the wrong, and the wrongful act, moreover, must be within the scope of the agent's or servant's authority. Jones v. Strickland, 201 Ala. 138, 77 South. 562. The demurrers pointed out these defects in this count, and they should have been sustained.

[6] Counts 6 and 8 do not join a charge of willful injury with a charge of simple negligence. They charge that the wire was intentionally or willfully left in the public street, charged with a high and dangerous voltage of electricity. Each count is a wanton count; when each is construed as a whole, neither is subject to the demurrers.

Count 7 charges that defendant, by its servant or agent, while acting within the line and scope of his duties under his employment, willfully or knowingly left in the public street a wire charged with a high and dangerous voltage of electricity, and it also avers that "the death of plaintiffs' intestate was proximately caused by reason of the wanton, willful, or intentional wrong of the servant, agent, or employé of the defendant, to wit, E. H. Rodgers, whose duty it was to look after and manage defendant's said business and electric wires at said place, in failing to cut off the electric current from said wire while it was on the ground in a public place in said town, knowing the wire was charged with a high and dangerous voltage of electricity. This count conjunctively charges that the wire was willfully or knowingly permitted to remain on the ground, charged with a dangerous current, and with a willful wrong in failing to cut off the electric current from the wire, knowing it was charged with a dangerous voltage of electricity. It does not combine wanton and simple negligence in the same count, and is not subject to the demurrers assigned to it. Taken as a whole this count charges wanton negligence.

Counts 3 and 5 being defective, each subject to the demurrers, we need not pass on the rulings of the court on the pleas filed to them. Count 4 goes out under the general charge, as some material averments therein were not supported by any evidence.

[7] A contributory negligence plea is no answer to a wanton count. Hence demurrers were properly sustained to the contributory negligence pleas filed to the wanton counts numbered 6, 7 and 8. L. & N. R. Co. v. Brown, 121 Ala. 221, 25 South 609.

The general affirmative charge, with hypothesis as to each count, was asked by the defendant, and each was refused by the court. Whether any one of them, other than the one hereinbefore mentioned, under proper issues, should have been given by the court, we need not now decide, as the case must be reversed. The complaint may be amended, new pleas may be filed, and on another trial the evidence may be different.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.