## THE SILVERADO.

(District Court, D. Oregon. June 21, 1926.)

1. Shipping ⊜➔82—To recover from ship for personal injury sustained by falling in open hatch, libelant must be aboard at invitation of owner.

To recover from ship for personal injury sustained by falling in open hatch, libelant must be aboard at invitation of owner, either express or implied, or his agent acting within scope of authority, since trespasser or licensee takes premises as he finds them.

2. Shipping ⊜➔82.

Shipowner owes no duty to trespasser or licensee except that he shall not wantonly or recklessly injure him or knowingly let him run into dangerous place.

3. Shipping ⊜➔86(2)—Libel alleging that libelant injured was aboard vessel at invitation of master, without showing master's authority, held insufficient.

Libel to recover for personal injury caused by falling into open hatch, alleging that libelant was aboard vessel at invitation of master, held insufficient, since there was no showing that master acted within scope of authority.

4. Shipping ⊜➔82—Persons invited aboard vessel by master, for reasons personal to himself or to them, are mere licensees.

Master of vessel has no authority on behalf of owner to invite persons aboard for reasons personal to himself or to them, and, if he does so, they are mere licensees.

5. Admiralty ⊜➔60.

That part of libel in rem on admiralty side of court, which attempted to set out statute of state, held improper.

In Admiralty. Libel to recover damages for personal injury by John C. Prendergast against the Steamship Silverado. On exceptions. Exceptions allowed.

William Martin, of Seattle, Wash., for libelant.

Wood, Montague & Matthiessen, of Portland, Or., and Huffer, Hayden, Merritt, Sum-

mers & Bucey, of Seattle, Wash., for respondent.

BEAN, District Judge. This case was submitted on exceptions to libel to recover damages for personal injury. The allegations of the libel are that, while the vessel, the Silverado, was moored at a wharf in Seattle, the libelant was requested and directed by the master to come aboard, and, while moving about in the vessel, he fell into an open hatch and was injured.

[1, 2] There is no allegation in the libel as to the purpose of the libelant in going aboard the boat, nor his business there, other than the simple bald allegation that he was there at the invitation and request of the master, and it is claimed that that is not sufficient to make the boat liable. Before a ship can be held liable, it must appear that there was a breach of some duty on its part which it owed to the libelant, and therefore necessarily that he was aboard the boat at the invitation of the owner, either expressed or implied, or some person acting for the owner and within the scope of his authority. As, where one goes aboard a vessel at the invitation expressed or implied of the master of the vessel for the purpose of transacting business with the master and officers, it is of course the duty of the vessel to exercise ordinary care to see that he is not injured; and such is the ruling of the Supreme Court in the Leathers Case, 105 U. S. 626, 26 L. Ed. 1192. But a trespasser or a mere licensee takes the premises as he finds them; he enters at his own risk. The owner owes no duty to him to keep the premises in any certain condition for his benefit, only that he shall not knowingly let him run into a place of danger or shall not wantonly or recklessly injure him.

[3, 4] Now, as I said, the libelant was aboard this vessel, he says, at the invitation of the master but there is no showing that the master was acting within the scope of his authority in inviting him aboard. The master of the vessel, of course, is the representative of the owner for many purposes, but he has no authority on behalf of the owner to invite persons aboard the boat for reasons personal to himself or to them, and, if he does so, they are mere licensees, and take the boat as they find it. For the reason, therefore, that there is no allegation in this libel showing that the boat owed the libelant any duty other than not to wantonly or recklessly injure him, the exception should be allowed.

[5] There is also an exception to a portion of the libel which attempts to set out a statute of the state of Washington, and in my judgment that exception is also well taken. I am not able to conceive any bearing a statute of the state of Washington could have upon a libel in rem upon the admiralty side of the court.