(118 So. 671)

ROCHESTER–HALL DRUG CO. v. BOWDEN.   (6 Div. 212.)

Court of Appeals of Alabama.   April 3, 1928.

Rehearing Denied June 5, 1928.

Affirmed on Mandate Oct. 30, 1928.   Further Rehearing Denied Nov. 20, 1928.

W. E. Howard, of Birmingham, for appellant.

Rudulph & Smith, of Birmingham, and H. A. Dickinson, of Ensley, for appellee.

RICE, J. The appellee sued the Rochester-Hall Drug Company, the United States Law & Adjusting Agency, J. Frank Stapp, and J. H. Lowe, charging, in substance, that the agent or servant of the defendants went to the home of plaintiff, told plaintiff that he was under arrest, compelled him against his will to accompany said agent to the place of business of the Rochester-Hall Drug Company, where said agent wrongfully and falsely accused plaintiff of a violation of the law and threatened prosecution under a criminal charge and compelled and required plaintiff to pay to defendant drug company a large sum of money in order to procure his release.

The plaintiff, Bowden, owed the defendant Rochester-Hall Drug Company an account in excess of $100, running long past due; it was given to the defendant United States Law & Adjusting Agency—operated by the defendant Stapp—for collection; the defendant Lowe, an employee of the collecting agency, had this account in his charge. This much is undisputed. While in many particulars, more or less material, the testimony as to the facts giving rise to this suit is in sharp conflict, for the purposes of this review we will set down the version of plaintiff's (appellee's) witnesses.

Bowden, the debtor (appellee here), went into bankruptcy, and listed the account of the appellant. Subsequently, his brother turned over to him certain automobile tires to be sold, and they were sold by appellee. Lowe, the employee of the collecting agency, went to the home of appellee, represented himself as a federal government officer, asserted that he had a warrant for the arrest of appellee on the charge of selling property (the tires) not listed by him in the bankruptcy proceeding, and told appellee he must come with him to the Ensley inferior court. Lowe required appellee to accompany him to his car, to get in and to be driven off. After traveling some distance Lowe stopped the car and demanded of appellee, "Where is that money at?" Appellee replied that he had given it to his wife to send to his brother. Lowe then told appellee he had laid himself "liable to a heavy fine and also an imprisonment term." Appellee then told Lowe that he had given the tires to his brother, and his brother told him to sell them for him. Lowe then stated that they would go back and get the money and take it to the Ensley inferior court and make it lighter on the appellee. They did go back to appellee's home and did get the money from appellee's wife. Lowe then carried appellee back to his car. They

got in and drove, not to the inferior court, but to the Rochester-Hall Drug Store.

Appellee was told to sit down while Lowe went to the back of the store, and got Rochester. Lowe went toward the back and "talked to Dr. Rochester a little bit," then came up to the front and called appellee. Rochester was "kinder back," as plaintiff (appellee) puts it. Lowe then told appellee to give him that money, that that would be the best way out of it, "just to turn the money over to Dr. Rochester;" that "Dr. Rochester was present, standing right at the end of the showcase." Appellee handed Lowe the money. Rochester got a receipt book, and Lowe wrote out a receipt for the $80, signing it in the name of appellant, "by J. H. Lowe." He then told appellee he wanted him to sign a note for the balance. Appellee demurred. Lowe said either sign the note or be turned over to the federal authorities. Appellee signed. Dr. Rochester was present and furnished the blank note. Plaintiff (appellee), in answer to a question whether Rochester made him sign the note, testified:

"Mr. Rochester didn't say nothing. He just left that up to Mr. Lowe."

And further:

"I was talking to Mr. Rochester. He said, 'Now that's all up to you and Mr. Lowe.' That's what Mr. Rochester said. *I didn't relate to Mr. Rochester any conversation or transaction that I had with Mr. Lowe before I went down there. I didn't tell Mr. Rochester nothing about that.* I handed the money to Mr. Lowe, and he handed it to Dr. Rochester."

After the settling of the account, appellee was told by Lowe that he could go home. There was, therefore, no trial of any sort.

Harvey Bowden, brother of appellee, testified that the tires were his property; that he went to see Rochester who told witness, "There was a government man went and brought Walt [appellee] down there, and he turned the money over to him;" that Rochester told witness he would have "to look to Walt for my [his] money; he said he didn't have nothing else to do with it; he had the $80, and he was keeping that on an account he owed him."

Rochester, of the appellant firm, testified that he supposed Stapp had the account against appellee for collection; that some of his employees ran through the ledger, picked out the "accounts that appeared to be worthless," and turned them over to Stapp; that if appellee's account was turned over to Stapp the employee so doing had that authority; that witness "didn't definitely give him [Stapp] any specific authority"; that he had "never given him any authority"; that he "merely turned over some utterly worthless accounts, and left it with him to take such steps as he felt necessary"; that he never investigated, "just let it stay that way."

The verdict in this case was general, against all the defendants. Only the Rochester-Hall Drug Company appeals. Many objections were interposed on the introduction of evidence; but we think the case must turn upon the question of the sufficiency vel non of the evidence as we find it to warrant a verdict against this appellant; or, to state it differently, whether, if all the testimony was admitted without error, the appellant was still entitled to the general affirmative charge requested by it.

■ True, the principal is liable in damages to third parties for wrongful acts of his agent, while acting within the line and scope of his employment. Steele v. May, 135 Ala. 483, 33 So. 30; Addington v. Am. Cast. Co., 186 Ala. 92, 64 So. 614. It is equally true that, for such acts of the agent as are not within the scope of his employment or impliedly authorized by the nature of the agency, the principal is not to be held accountable, whether the ground of liability is tort or contract, unless with full knowledge he afterwards recognizes and adopts them as his own. 21 R. C. L. 849. And in order for ratification to be effective, knowledge of all the material facts essential to intelligent action on the part of the party ratifying is necessary. Moore v. Ensley, 112 Ala. 245, 20 So. 744.

Appellee cites Robinson & Co. v. Greene, 148 Ala. 434, 43 So. 797, and So. Ry. Co. v. Beaty, 212 Ala. 608, 103 So. 658, as authority for the conclusion that the evidence in this case was sufficient to take the case to the jury as against this appellant.

■ The evidence is clear to the effect that neither Lowe nor Stapp was the general agent of the appellant. In its strongest aspect it shows only that Stapp, or his agency, was employed for a special service—that of collecting accounts for appellant. Under this character of agency, in the absence of instructions as to the manner of performing the service, it could not be said that the conduct of Lowe was within the scope of his employment. 21 R. C. L. 851. Certainly not where, as here, appellant's dealings were with Stapp, Lowe's employer, and not with Lowe at all.

■ It is next insisted that, if it be assumed that Lowe was acting without the line and scope of his employment, still appellant, with knowledge of the acts complained of, ratified them, thereby rendering it liable for them. Nowhere in the testimony do we find the slightest evidence tending to show that any knowledge of the conduct complained of came to appellant. Plaintiff (appellee) told Rochester nothing about it. There is nothing in the evidence to show that appellant knew that appellee was present by force (if such was a fact) at the time the payment was made. As indicated above, there can be no ratification without knowledge of the material facts. As we read this evidence, appellant knew nothing, and hence ratified nothing. That the appellee was indebted to appellant

is not disputed, and the mere receipt by appellant of money justly due it cannot be construed as a ratification of the wrongful conduct of the collecting agent. Burns v. Campbell, 71 Ala. 271; Herring v. Skaggs, 62 Ala. 180, 34 Am. Rep. 4.

We are of the opinion that appellant was due the affirmative charge, which it requested, and for the error in its refusal the judgment is reversed and the cause remanded.

Reversed and remanded.

PER CURIAM. Affirmed on authority of Rochester-Hall Drug Co. v. Bowden, 118 So. 674.