(118 So. 406)

## FARMERS' & MERCHANTS' WAREHOUSE CO. v. PERRY. (7 Div. 826.)

Supreme Court of Alabama. Oct. 18, 1928.

Walter S. Smith, of Lineville, for appellee.

FOSTER, J. The first count of the complaint charges that defendant operated a public warehouse in Lineville for weighing and storing cotton; that plaintiff carried two bales of cotton to the warehouse to be weighed and stored; that "while plaintiff was walking in said warehouse he was suddenly precipitated or fell down through an elevator opening, in a dark place in said warehouse, and thereby" was injured, etc. It then avers "that defendant, its agents or servants, knowing the existence of the opening and that it was dangerous, failed to notify plaintiff, who was ignorant of the same." It then avers that his injuries were the "proximate result of the negligence of defendant in maintaining said elevator opening in a dark place in said warehouse, uncovered and unprotected, and without some sign or warning to caution plaintiff of the danger there existing, which duty defendant owed plaintiff to so erect some sign or warning of

said dangerous place or to keep same covered or protected, and which *plaintiff* negligently failed to do."

It is insisted that the count is insufficient for that it does not allege facts showing a duty not negligently to injure plaintiff, in that it does not allege that plaintiff was an invitee, and not a trespasser or licensee. The count does not allege that plaintiff while walking in said warehouse was upon business incident to storing or weighing the cotton which he had brought, or that it was upon the occasion of his handling such cotton. To constitute plaintiff an invitee, he must have been in the warehouse upon the business upon which the invitation to the public is extended. Otherwise he was not an invitee, and a different rule applies. While the complaint does not expressly allege that he was walking in said warehouse as an incident to such business, the language used is sufficient to justify such reasonable interpretation. It is one which should be submitted to the jury upon proper instructions, but the count will not be held bad for that defect. It is well understood that the duty to an invitee is not to injure him either negligently or willfully or wantonly. Galloway v. Perkins, 198 Ala. 658, 73 So. 956; Lawrence v. Kaul Lbr. Co., 171 Ala. 300, 55 So. 111; McGeever v. O'Byrne, 203 Ala. 266, 82 So. 508.

This extends to negligence in failing to warn an invitee of danger, of which he knows or ought to know, and of which the invitee is ignorant. U. S. C. I. P. & F. Co. v. Fuller, 212 Ala. 177, 102 So. 25; S. I. & S. Co. v. Tilson, 141 Ala. 161, 37 So. 427; Connors, etc., Steel Co. v. Kilgore, 189 Ala. 643, 66 So. 609; Powers v. Harlow, 53 Mich. 507, 19 N. W. 257, 51 Am. Rep. 154; Samuelson v. Cleveland Iron Mining Co., 49 Mich. 164, 13 N. W. 499, 43 Am. Rep. 456; 29 Cyc. 453. It extends also to the duty to use reasonable care to have the premises to which he is invited, in a reasonably safe condition for such contemplated uses, and within the contemplated invitation. S. I. & S. Co. v. Tilson, supra; Montevallo Mining Co. v. Little, 208 Ala. 131, 93 So. 873; Republic Iron & Steel Co. v. Luster, 192 Ala. 501, 68 So. 358.

The duty to a licensee or trespasser is to use due care, after discovering his peril, and not willfully or wantonly to injure him. Reed v. Ridout Ambulance Co., 212 Ala. 428, 102 So. 906; S. I. & S. Co. v. Tilson, supra.

The count seems to charge a breach of duty in two respects: One is that defendant, its agents, or servants, failed to notify plaintiff. This is not a sufficient allegation of breach of duty. It does not allege that the agents or servants, so failing, were within the line or scope of their employment. It is not necessary to allege that the servant or agent was acting in the line and scope of his authority, when the allegation is that "defendant by its servant or agent" did the wrong, or words to that effect. In such instance the negligent act is charged to defendant. Alabama Power Co. v. Conine, 207 Ala. 435, 93 So. 22; 39 Corpus Juris, 1353. It is also pointed out in that case that the situation is different when the allegation is that the wrong was done by "defendant's servant or agent." In such instance the wrong is not attributed to defendant, for it is not alleged that the servant or agent was acting in the line and scope of his employment. He may have been upon his own business, with which defendant was not connected. Addington v. Am. Cast Co., 186 Ala. 92, 64 So. 614; Steele v. May, 135 Ala. 483, 33 So. 30; Jones v. Strickland, 201 Ala. 138, 77 So. 562.

This rule is also applicable to willful or wanton counts. Morrison v. Clark, 196 Ala. 670, 72 So. 305; 39 Corpus Juris, 1353.

It does not allege that such failure was either negligent or willful or wanton. Defendant may not have had an opportunity to do so. The circumstances may not have called for such notice. In short, the failure may not have been wrongful in any respect.

The other breach of duty charged in the first count is negligence in maintaining the opening without warning signs. The duty is not absolute to maintain a place absolutely free of danger, but to exercise reasonable care to maintain his premises in a reasonably safe condition for the contemplated uses, and within the contemplation of the invitation. The allegations do not show that, owing to the location of the shaft, and its general surroundings, it was not reasonably safe to the customers of the warehouse, on business connected therewith. The count should show that the shaft was not reasonably safe to such customers upon such business, and that defendant was negligent in not having it in reasonably safe condition.

The second count adopts all the allegations of the first, and undertakes to make it a willful or wanton count. Having adopted all the allegations of the first count, it includes the allegation of negligence. The additional allegations are that "defendant's servant or agent consciously failed, after becoming aware of the peril of plaintiff, to warn him or to do all in their power to prevent said injuries to plaintiff, and plaintiff avers that his injuries were caused by the willful and wanton negligence of defendant's servant or agent to warn him as he approached said elevator opening." It therefore undertakes to charge in one count a negligent maintenance of an elevator opening, and a wanton or willful injury after discovery of plaintiff's peril. Such a count, if no demurrer is assigned, charges simple negligence, but, upon sufficient demurrer, it is defective for repugnancy. Merrill v. Sheffield Co., 169 Ala. 242, 53 So. 219. There was no demurrer to the complaint for repugnancy, so that the sufficiency of the count is dependent upon its interpretation as one in simple negligence. We pointed out above that it is defective without

the added words. The additional allegations charge the act of willful or wanton conduct to defendant's servant or agent, but does not allege that such servant or agent was acting within the line and scope of his authority. We have shown that without such an averment the count is defective and fails to state a cause of action.

██ Under proper instructions from the court, and upon a complaint containing the necessary allegations pointed out above, the jury should determine whether plaintiff at the time of his alleged injuries in the warehouse was conducting himself in accordance with an express or implied invitation. If he was not so conducting himself, the defendant's duty to plaintiff was the duty owing a licensee. If he was so conducting himself, the defendant's duty to him was the duty owing an invitee. If defendant was owing plaintiff the duty due an invitee, such duty was not absolute to warn him of a dangerous place. It was to use due care, to be left to the jury, to do so, and not be negligent. This will depend upon the circumstances, all to be considered by the jury. Neither was the duty absolute to maintain the premises free from danger. But such duty extends only to use due care, not be negligent, to maintain them in condition reasonably safe for those invited on the premises and conducting themselves within the contemplation of the invitation. These are questions for the jury.

██ If plaintiff was negligent, which proximately contributed to his injuries, another jury question, he cannot, of course, recover on a simple negligence count for primary negligence, but may so recover for subsequent negligence if proven. A count should not contain a breach of two distinct duties, stated conjunctively, unless the plaintiff expects to assume the burden of proving both of them.

As the case must be reversed, and the principles which we consider pertinent have been fully discussed, we think with sufficient detail for another trial we will not, as being unnecessary, undertake to analyze all the charges assigned for error.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.