## SAUCER v. WILLYS–OVERLAND, Inc.

### No. 3511—J.

District Court, S. D. Florida.
April 15, 1931.

James H. Bunch, of Jacksonville, Fla., for plaintiff.

Lee Guest, of Jacksonville, Fla., for defendant.

STRUM, District Judge.

This is an action at law to recover damages for the alleged wrongful death of plaintiff's husband. Section 7047, Comp. Gen. Laws Fla. 1927.

The declaration alleges that " * * * the defendant, Willys-Overland, Incorporated, a corporation, by and through its agent, servant, and/or employee, carelessly and negligently propelled and ran an automobile with great force and violence against and upon * * *" the deceased, causing his death.

Defendant demurs to that allegation upon the ground that it is not alleged that the servant of defendant was acting within the scope of his employment at the time of the negligent act complained of.

In an action resting upon the doctrine of respondeat superior, when the tortious act complained of was committed by the defendant through an agent or servant, the primary test to determine the master's liability therefor is whether or not the servant was then acting within the scope of his employment. It is elementary that the master is not liable for his servant's tortious act, unless such an act was committed in the course of the servant's employment and while such servant was carrying out his master's business. That such was the case must appear from the evidence, expressly or by necessary inference, before plaintiff can recover.

We are not concerned, however, with the proof. The question now under consideration is one of pleading.

It is quite generally held that where the tortious act is alleged to have been committed by a servant, without naming or referring to the defendant, such an allegation must be followed with the additional allegation that the act was committed by the servant while acting within the scope or course of his employment, or of his master's business, or (and perhaps more properly) the facts should be alleged in the declaration from which those matters are necessarily inferred.

Instances of such form of allegation are that the tortious act was committed by "A. B., the servant of C. D., the defendant; or by C. D., his agent, or servant." When these, or like allegations, are employed, they are insufficient unless accompanied by other allegations showing that the acts were within the course and scope of the servant's employment. For, non constat, the tort-feasor may have been the servant of the defendant, and yet the tortious act not be committed while engaged in his master's business. Illinois Cent. R. Co. v. Elliott, 17 Ala. App. 134, 82 So. 582; Daniels v. Carney, 148 Ala. 81, 42 So. 452, 7 L. R. A. (N. S.) 920, 121 Am. St. Rep. 34, 12 Ann. Cas. 612; Addington v. American Casting Co., 186 Ala. 92, 64 So. 614; Wise v. Curl, 177 Ala. 324, 58 So. 286.

The allegation now before us, however, vitally differs from those just mentioned. This allegation charges that "the defendant," by and through its agent, servant, and/or employee, committed the tortious act.

In 39 C. J. 1352, it is said: "To state a cause of action against the defendant for a wrong committed by his servant, the ultimate fact necessary to be alleged is that the wrongful act was committed by defendant. This may be alleged either by alleging that defendant, by his servant, committed the act, or without noticing the servant, by alleging that defendant committed the act."

Under an allegation of the latter character, that is, that "the defendant" committed the tortious act, proof is admissible that the act was committed by a servant while engaged in the course and scope of his employment. 39 C. J. 1354. Where, therefore, it is charged that "the defendant" committed the tortious act, the further allegation that it was committed by and through an agent or servant is nonessential. Being a nonessential allegation, it is unnecessary, as a matter of pleading, to amplify it by adding the further allegation—which is perhaps a conclusion at best—that the servant was acting within the scope of his employment. Alabama Power Company v. Conine, 207 Ala. 435, 93 So. 22, illustrates quite clearly the distinction between the two general classes of averments. See also Metropolitan Life Insurance Company v. Carter, 212 Ala. 212, 102 So. 130; Lewis v. Chicago, etc., Co. (C. C.) 35 F. 639.

The demurrer is therefore overruled.

■ Amongst other items of damage, plaintiff's declaration also claims damages for the funeral expenses of deceased. Defendant interposes a motion to strike such claim from the declaration.

The pertinent part of the statute (section 7048, Comp. Gen. Laws Fla. 1927), with respect to damages recoverable, is that the person to whom a right of action may survive "shall recover such damages as by law such person or persons are entitled in their own right to recover."

At common law, no right of action for wrongful death survives. Liability to a survivor for the wrongful death of a decedent, as well as the measure of recovery, must be found in the statute above. F. E. C. Ry. v. Hayes, 66 Fla. 589, 64 So. 274; Id., 67 Fla. 101, 64 So. 504, 7 A. L. R. 1310.

The statute makes no express mention of funeral expenses as an item of recovery. The statute is in derogation of the common law and the same rules of construction applicable to other such statutes must be applied. The statute does not confer upon a widow a right to succeed to causes of action existing in the deceased or his personal representative. Under the statute, a widow may recover only the damages to which she is entitled "in her own right," that is, to compensate her for a loss she has sustained flowing from the nature of her relation with the deceased, amongst which are loss of protection, support, consortium, and her expectancy from decedent's estate. Dina v. S. A. L. Ry., 90 Fla. 558, 106 So. 416. The widow, as such, sustains no loss on account of the funeral expenses of her husband. Liability for such funeral expenses rests upon the husband's estate, and can be recovered, if at all, only by the personal representative in an action on behalf of deceased's estate. 17 C. J. 1338.

It is very generally held under similar statutes that the widow of one killed by another's negligence cannot ordinarily recover for medical services to the deceased. Regan v. Davis, 290 Pa. 167, 138 A. 751, 54 A. L. R. 1073.

The same reasoning applies to funeral expenses. The rule, of course, is otherwise in the case of the death of a minor child, or in an action by a surviving husband, to recover the funeral expenses of a deceased wife, for which the husband would be liable. Brady v. Haw, 187 Iowa, 501, 174 N. W. 331, 7 A. L. R. 1306 et seq.; Consolidated Traction Co. v. Hone, 60 N. J. Law, 444, 38 A. 759. See, also, the following cases decided under the Federal Employers' Liability Act (45 USCA §§ 51–59): Philadelphia & R. R. Co. v. Marland (C. C. A.) 239 F. 1, affirmed (C. C. A.) 246 F. 91; D. L. & W. R. Co. v.

Hughes (C. C. A.) 240 F. 941, modifying (D. C.) 233 F. 118.

In The Mauch Chunk (D. C.) 139 F. 747, 748, involving a maritime claim, it was held that funeral expenses were allowable "if the law imposes upon the relatives for whose benefit the suit is brought the obligation to bear them." Different considerations control in applying that statute, besides which the statutes of Florida impose no liability upon the widow for her husband's funeral expenses. See sections 5541, 5610, Comp. Gen. Laws Fla. 1927. See, also, The Samnanger (D. C.) 298 F. 620.

The motion to strike those portions of the declaration claiming funeral expenses as an item of damage to the widow is therefore granted.