## THE BRILLIANT.

No. 3605—J.

District Court, S. D. Florida.

April 15, 1931.

Kay, Adams, Ragland & Kurz, of Jacksonville, Fla., for petitioner.

Knight & Frazier, Gov Hutchinson, and Doggett, Christie & Doggett, all of Jacksonville, Fla., for answering claimants.

STRUM, District Judge.

Petitioner herein, the Atlantic Refining Company, filed its petition for limitation of liability as owner of the motor vessel, Brilliant, a Diesel-electric driven tanker, aboard which an explosion and fire occurred, August 16, 1930, resulting in certain losses, damages, and destruction, including the death of several persons. 46 USCA § 181 et seq. Liability for said deaths is denied in the petition.

Certain survivors of the deceased persons have filed answers to said petition for limitation of liability and claims against said vessel for the death of four of those persons who lost their lives. Petitioner excepts to said answers.

The only exception urged upon argument is that relating to the averment in the several answers as to the circumstances under which the deceased persons in question were aboard the vessel at the time of the explosion.

The averment in question is that these deceased persons, "* * * were then and there on board said vessel with the knowledge and consent and with the express invitation of petitioner (the owner of the vessel), acting by and through its duly authorized officer and agent, the said Robert W. Wimbrow, First Assistant Engineer of said vessel, who shortly before said explosion occurred had invited the said A. D. Haltiwanger, H. C. Jenkins, C. P. Morgan, and J. B. W. Jeffords (the deceased persons), to come aboard said vessel. * * *"

The objection urged by the petitioner to that allegation is that it does not charge that Wimbrow, the assistant engineer, was acting within the course and scope of his employment, nor upon his master's business, in so inviting the deceased persons on board the vessel.

An analogous question was presented in Saucer v. Willys-Overland, Incorporated (D. C.) 49 F.(2d) 385, this day filed. In the latter case, it was held that in a declaration for wrongful death, an allegation charging that "the defendant, Willys-Overland, Incorporated, a corporation, by and through its agent, servant, and/or employee," committed

the tortious act there in question, was sufficient to charge that such act was committed by "the defendant," and that the further allegation "by and through its agent, servant, and/or employee," was nonessential, so that there was no necessity to further amplify such allegation by charging that the servant was acting within the scope of his employment. See, also, Alabama Power Co. v. Conine, 207 Ala. 435, 93 So. 22; 39 C. J. 1352.

We notice that the averment here in question relates, not to the commission of the tortious act, but to the status of the deceased persons on board the vessel, that is, whether they were on board said vessel as trespassers, as mere licencees, or as invitees. The same reasoning will apply to both cases, however, for the purpose here under consideration.

This answer avers that the deceased persons were on board said vessel with the knowledge and consent and with the express invitation of "petitioner," the owner. That allegation is sufficient to charge an invitation from the owner, the remainder of the allegation in question being nonessential, as in the Saucer Case, supra.

The court, therefore, holds that the allegation is sufficient, as against the exceptions, for the purpose of pleading an invitation from the owner. If the answering claimants rely upon an invitation of the owner extended through an agent or servant, the claimant, of course, must adduce facts in evidence from which it will appear, expressly or by necessary inference, that such servant was acting within the course and scope of his employment and was carrying out the master's business, as to which, see Silverado S. S. Co. v. Prendergast (C. C. A.) 31 F.(2d) 225. See also Standard Oil Co. v. Anderson, 212 U. S. 215, 29 S. Ct. 252, 53 L. Ed. 480.

To support its exceptions, the petitioning owner relies upon the Silverado (D. C.) 14 F.(2d) 243. The allegation there held insufficient was the "simple, bald allegation" that "the libellant was requested and directed by 'the master' to come aboard" the vessel. The infirmity of that allegation lies in the fact that it does not necessarily charge an invitation from the owner. The owner is nowhere mentioned. The charge is merely an invitation from "the master." Such an allegation, standing alone, is not tantamount to an allegation of an invitation from the owner, but charges merely an invitation from "the master" of the vessel. It is of that character of allegation which requires the charging of additional facts to show that the servant, upon whose invitation the libelant re-

lied in being aboard the vessel, was acting within the scope of his employment. Such an allegation differs vitally from that here in question, which charges an invitation from "the petitioner" (the owner), acting through its servant. See the cases cited in Saucer v. Willys-Overland, supra.

As other exceptions were not urged in argument, they will be treated as abandoned.

Exceptions overruled as to each answer.